[No. 9910.   Department Two.—September 25, 1885.]

MIRIAM P. REED, BY W. K. REED, HER GUARDIAN AD LITEM, APPELLANT, *v.* EDWARD M. DRAIS, RESPONDENT.

PLEADING—DEMURRER TO PART OF A CAUSE OF ACTION.—A demurrer cannot be interposed to part of a cause of action or defense. If the part demurred to is irrelevant or immaterial, a motion to strike out may be made, but a demurrer must go to the whole cause of action or defense.

EVIDENCE—VALUE OF LAND—OPINION OF WITNESS.—A witness called upon to give an opinion as to the value of land must lay a proper foundation by showing that he possesses the means to form an intelligent opinion; but it is not essential that his knowledge should be derived from any peculiar skill in a particular pursuit or branch of business or department of science.

PRACTICE—NEW TRIAL—CUMULATIVE EVIDENCE.—A new trial will not be granted on the ground of newly discovered evidence, where such evidence is merely cumulative.

APPEAL from a judgment of the Superior Court of Stanislaus County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Byers & Elliott,* for Appellant.

*Campbell & Munter,* and *W. E. Turner,* for Respondent.

SEARLS, C.—This is an action by Miriam P. Reed, an infant, by her guardian *ad litem,* W. K. Reed, to quiet title to certain land. Plaintiff claims that the land in controversy was conveyed to her by a sister. That the grantor, before the deed was recorded, went to the office of the county recorder and took the deed therefrom, and sold and conveyed the same land to defendant, and that defendant had notice of such previous conveyance at the date of the sale and conveyance to him. Defendant denied all notice of a previous conveyance by his grantor and denied plaintiff's title. The cause was tried by the court, findings waived, and judgment entered for defendant. Plaintiff moved for a new trial, which was denied, and this appeal is prosecuted from the judgment and order denying a new trial.

The demurrer to a portion of the amendments to defendant's answer was properly overruled.

A demurrer cannot be interposed to a part of a cause of action or defense. If irrelevant or immaterial, a motion to strike out

may be interposed; but a demurrer, to avail anything, must go to the whole cause of action or defense.

In the absence of a showing as to the materiality of the testimony sought to be introduced in reference to the value of the land, we cannot say the plaintiff was injured by the refusal of the court to permit W. K. Reed and E. Olmstead to testify as to such value.

Conceding that the testimony may have been admissible, the witnesses offered failed to show themselves possessed of the requisite knowledge to authorize them to testify as to the value of the land.

"Where a witness is produced to testify in the character of an expert, as to the value of property, it should appear that he has some special skill or experience, or peculiar knowledge of the value of the class of property about which it is proposed to question him, such skill or knowledge having been acquired by him in the line of his profession or business." (Rogers on Expert Testimony, § 154.)

According to Wharton on Evidence, section 447, two essentials are requisite to a proper estimate of value:—

"*First*—A knowledge of the intrinsic properties of the thing.

"*Secondly*—A knowledge of the state of the market.

"As to such intrinsic properties as are occult and out of the range of common observers, experts are required to testify; as to the properties which are cognizable by an observer of ordinary business sagacity, being familiar with the thing, such an observer is permitted to testify."

A witness called upon to give an opinion on the subject of value, whether offered as an expert or not, must lay a proper foundation for the introduction of his opinion, by showing he possesses the means to form an intelligent opinion, "derived from an adequate knowledge of the nature and kind of property in controversy, and of its value."

We may assume the residence of the witnesses in the vicinity of the property in question, and their pursuits, to have given them a reasonable opportunity to become acquainted with the nature and kind of land in dispute, but it does not follow, and their testimony does not show them to possess any such knowledge as to its value, as to warrant them to give an opinion on

that subject.  (*Whitney* v. *City of Boston,* 98 Mass. 315; *Teerpenning* v. *Corn Ex.* 43 N. Y. 279; *Clark* v. *Rockland,* 52 Me. 68; *Haight* v. *Kimback,* 51 Iowa, 13.)

There is no doubt that a witness acquainted with the value of property may give an opinion as to such value, but he must first be shown to possess the requisite knowledge, and then, although such knowledge is not the result of any peculiar skill in a particular pursuit or branch of business, or department of science, he may yet be heard.  Where, however, the knowledge is wanting the opinion should be rejected.  We think, therefore, the court did not err in refusing to admit the testimony.

The motion for a new trial, upon the ground of newly discovered evidence, was properly denied.  The newly discovered evidence was, according to the affidavits, cumulative, and in such cases, it is well settled, a new trial should not for such cause be granted.

Upon the whole case as presented, we are of opinion, the judgment of the court below and the order denying the motion for a new trial should be affirmed.

FOOTE, C., and BELCHER, C. C., concurred.

The COURT.—For the reasons given in the foregoing opinion the judgment and order are affirmed.