| 87 | 471 |
| 98 | 422 |
| 87 | 471 |
| 112 | 681 |
| 87 | 471 |
| 119 | 367 |
| 87 | 471 |
| 133 | 138 |

[No. 13665.   Department Two. — January 15, 1891.]

C. J. BRUMLEY ET AL., RESPONDENTS, *v.* ROBERT FLINT, APPELLANT.

OBJECTIONS TO EVIDENCE — WAIVER OF GROUNDS NOT SPECIFIED. — A party objecting to the admission of evidence must specify the ground of his objection when the evidence is offered, and will be considered as having waived all objections not specified.

ID. — GENERAL OBJECTION — SPECIAL OBJECTION. — A general objection is sufficient if the evidence objected to is absolutely inadmissible for any purpose; but otherwise, to entitle the objection to notice, it must be distinctly specified.

ID. — DAMAGE BY CATTLE — OPINION EVIDENCE — QUALIFICATION OF WITNESS — APPEAL — OBJECTION FOR FIRST TIME. — In an action to recover damages for trespass of cattle, where a witness was asked to state what amount of damage, in his estimation, was done by the cattle, and the question was objected to as incompetent, irrelevant, and immaterial, as asking for a conclusion, and as not the proper way to prove damages, the point that the witness was not shown to possess the requisite knowledge to enable him to testify as to the damages is not raised by the objection, and will not be considered for the first time on appeal.

DAMAGE BY CATTLE — EXCESSIVE VERDICT — CONFLICTING EVIDENCE — SUBLEASE OF PREMISES TRESPASSED UPON. — Where the evidence as to the number of trespassing cattle and as to the damage done by them is conflicting, and the evidence on the part of the plaintiffs tended to

show greater damage than was awarded to them, the verdict will not be set aside as excessive on account of the fact that the premises trespassed upon were afterward subleased for one half more rent than was paid for them by the lessee.

APPEAL from a judgment of the Superior Court of San Luis Obispo County, and from an order denying a new trial.

The facts are stated in the opinion.

*W. H. Spencer,* for Appellant.

*W. B. Dillard,* for Respondents.

BELCHER, C. — In December, 1887, one Chester R. Brumley leased from the owner 16,320 acres of grazing land for the year 1888. Between January 1 and February 7, 1888, the defendant's cattle wrongfully entered upon a portion of this land, and ate up, trod down, and destroyed the grass and feed growing thereon. In May, 1888, the said Brumley died, and thereafter the plaintiffs were duly appointed and qualified as executors of his will. The plaintiffs, as such executors, brought this action to recover damages for the alleged trespasses of defendant's cattle in the sum of one thousand dollars. The case was tried before the court, without a jury, and by the judgment the plaintiffs were awarded the sum of $325 and costs of suit. From this judgment, and an order denying a new trial, the defendant appeals.

1. At the trial C. J. Brumley was called as a witness for plaintiffs, and, after stating that he was the son of Chester R. Brumley and one of the plaintiffs, proceeded to testify as follows: " I know the land described in the complaint, and have known it for the past fifteen years; it is grazing land. I know defendant's cattle; they are branded with a star. I saw defendant's cattle on the land described in the complaint many times during January and February, 1888, — eight, nine, eleven, or

twelve hundred of them, — and they were trespassing on the land. There were many fresh rain water-pools on the land, and the cattle ranged there. The ground was wet during these months, there having been a heavy snow-storm and much rain, and the cattle injured and damaged the pasture greatly by treading it down and eating it. For the past five years I have been in the cattle business, near this land."

The witness was then asked by plaintiffs' counsel to state what amount of damage, in his estimation, was done by the cattle during the time they were trespassing upon the land. The defendant objected to the question, "upon the ground that the same was incompetent, irrelevant and immaterial, as asking for a conclusion which the court was to arrive at from the facts given in testimony, and further, as not the proper way to prove damages." The court overruled the objection, and the defendant reserved an exception. The witness then answered: "The damage from eating up, treading down, and destroying the grass on the land by defendant's cattle during the time you mention would, in my estimation, amount to seven hundred or eight hundred dollars."

It is now urged for appellant that the ruling above mentioned was erroneous, because the witness had not been "shown to possess the requisite knowledge of the value of the property claimed to have been injured by defendant's cattle"; and in support of this position *Reed* v. *Drais*, 67 Cal. 491, is cited.

It is not claimed that the answer to the question, if given by a competent witness, would have been incompetent, irrelevant, or immaterial, and upon that question we are not called upon to express an opinion. It will be observed here that the objection was, not that the witness was incompetent, for want of sufficient knowledge, to testify as to the damages, but only that it was not the *proper way* to prove damages.

The general rule is, that "a party objecting to the admission of evidence must specify the ground of his objection when the evidence is offered, and will be considered as having waived all objections not so specified." (*People* v. *Manning*, 48 Cal. 338.)

It is true that a general objection is sufficient, if the evidence objected to is absolutely inadmissible for any purpose. (*Nightingale* v. *Scannell*, 18 Cal. 315.) But otherwise, to entitle the objection to notice, " the party should have laid his finger on the point at the time." (*Martin* v. *Travers*, 12 Cal. 243; *Cochran* v. *O'Keefe*, 34 Cal. 558.)

Conceding, therefore, without deciding, that the witness was not shown to possess the requisite knowledge to enable him to testify as to the damages, still we do not think the point made can be considered here, for the reason that that objection to the question was not taken.

In *Reed* v. *Drais*, 67 Cal. 491, there is nothing in conflict with what has been said. In that case, as shown by the record, a witness was asked to give the value of certain land, and the testimony was objected to, and excluded by the court, " on the ground that the witness had not shown himself competent to testify on that point." In affirming the judgment, the court, among other things, said: " There is no doubt that a witness acquainted with the value of property may give an opinion as to such value, but he must first be shown to possess the requisite knowledge, and then, although such knowledge is not the result of any peculiar skill in a particular pursuit or branch of business, or department of science, he may yet be heard. Where, however, the knowledge is wanting, the opinion should be rejected. We think, therefore, the court did not err in refusing to admit the testimony."

2. It is claimed that the evidence was insufficient to justify the decision of the court, that plaintiffs were damaged in the sum of $325 by reason of the trespass.

But the evidence was conflicting as to the number of cattle that committed the trespasses, and as to the damage done by them.   On the part of the plaintiffs the evidence tended to show that they were entitled to a larger sum than was awarded to them.   The fact that the deceased, Brumley, paid as rent for all the leased premises only one thousand dollars, and, some time after the trespass, subleased them for fifteen hundred dollars, is not controlling.   We cannot say, therefore, that the judgment should be reversed or modified be-because the damages allowed were excessive.

We think the judgment and order should be affirmed, and so advise.

VANCLIEF, C., and HAYNE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and order are affirmed.