JOHNSON KIRBY, PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA, DEFENDANT IN ERROR.

Criminal Law—Assignment of Errors En Masse—Confessions Admissibility Question for Court—Hearsay Evidence—Committing Magistrates  Docket Entries  not Evidence—General Objections to Evidence.

1. Where a single general assignment of error is made to embrace refusals to give two or more requested instructions that state separate and distinct propositions of law, the settled rule here is that the appellate court will go no further in the consideration of such an assignment after finding that any one of the instructions so assigned was properly refused, and such assignment will then be overruled.

2. The question as to whether a proposed confession was freely and voluntarily made, is one for the court exclusively to decide, and a requested charge that proposes to submit such question to the jury to determine is properly refused.

3. The following charge given to the jury: "You are to determine the credence which shall be attached to the alleged

6 S. C.

confessions and every part thereof, and it is your duty to give such confession a fair and unprejudiced consideration. The confession should be taken as a whole; you should give effect to such part as you believe to be true, and reject from your consideration all that you find sufficient reason to reject;" Held, to state the law correctly.

4. Where a State witness testifies that he went to the scene of the homicide because of a remark made to him by another party, it is proper for him to state such fact, but it is not proper for him to repeat in evidence the substance of such remark that was the cause of his going, as it is hearsay.

5. A fact that is pertinent and revelant to the issue, and that tends to establish the commission of the crime charged, is not rendered admissible in evidence because it may have a tendency collaterally to prejudice the defendant with the jury.

6. The docket entries of the committing magistrate who conducted the primary examination of the accused, to the effect: "And the defendant was on this day given a hearing on said charge, and the court being satisfied that there is probable cause to hold the defendant, and believing the presumption of his guilt to be great, he holds the defendant to the Circuit Court, without bail," are wholly inadmisssible as evidence on the ultimate trial of such defendant, under any circumstances or for any purpose, and their admission in evidence held to be reversible error.

7. The general rule to the effect that "general objections to evidence proposed, without stating the precise ground of objection, are vague and nugatory, and are without weight before an appellate court," is subject to the exception that, if the evidence objected to is palpably prejudicial, improper and inadmissible for any purpose or under any circumstances, then a general objection thereto is sufficient.

Writ of error to the Circuit Court for Columbia County.

The facts of the case are stated in the opinion of the court.

*T. B. Oliver* and *Boozer & Gillen,* for Plaintiff in Error.

*William B. Lamar,* Attorney-General, for the State.

PER CURIAM.

This cause was referred by the court to its commissioners for investigation, who reported that the judgment of the Circuit Court ought to be reversed, in which view the court concurs:

The plaintiff in error was indicted for murder in the first degree in the Circuit Court of Columbia County, and on his trial there in June, 1901, was convicted of manslaughter, and to review the judgment takes writ of error from this court.

The first assignment of error is the denial in the court below of the defendant's motion for new trial. The first six grounds of this motion are presented together and question the sufficiency of the evidence to support the verdict. As there will be a reversal of the judgment below because of other errors hereinafter to be pointed out, it will be improper to discuss the sufficiency of the evidence for conviction. The seventh ground of the motion for new trial is as follows: "Because the court erred in refusing to give the following charges, numbered 1, 2, 3, 4, 5, 7 and 8, respectively, as requested by the defendant, by and through his counsel, which are as follows." Then follows at length in the motion a copy of the several refused instructions. This ground of the motion, treated

as an assignment of error, must be held to be the grouping together in a single general assignment of refusals to give more than one requested instruction, and as such instructions announce separate and distinct propositions of law, the settled rule here is that the appellate court will go no further in the consideration of such an asignment after finding that any one of the instructions so assigned was properly refused. Shiver v. State, 41 Fla. 630, 27 South. Rep. 36; Eggart v. State, 40 Fla. 527, 25 South. Rep. 144; McCoggle v. State, 41 Fla. 525, 26 South. Rep. 734. Acting upon this rule the court finds that the seventh requested instruction was eroneous because by its first clause it proposed to submit to the jury the question whether or not the confessions introduced in evidence were freely and voluntarily made This was a question to be determined by the court before admitting evidence of the confessions, and not a question for the jury to determine under instructions from the court. Holland v. State, 39 Fla. 178, 22 South. Rep. 298, and cases cited therein. For the reason stated the seventh requested instruction was properly refused.

The seventeenth assignment of error is as follows: "The court erred in refusing to charge the jury in the several matters and things requested, and appearing of record—charges 1, 2, 3, 4, 5, 6 and 7." What has already been said in reference to the seventh ground of the motion for new trial applies alike to this assignment, and it must fail for the same reasons. The eighth, ninth, tenth and eleventh grounds of the motion for new trial question severally the giving by the court of four several instructions as follows: "You are to determine the credence which shall be attached to the alleged confession and every part thereof. And it is your duty to give such con-

fessoin a fair and unprejudiced consideration. The confession should be taken as a whole; you should give effect to such part as you believe to be true, and reject from your consideration all that you find sufficient reason to reject." There was no error in this instruction. Marshall v. State, 32 Fla. 462, 14 South. Rep. 92; Gantling v. State, 40 Fla. 237, 23 South. Rep. 857.

The next charge questioned is as follows: "If you have, after having considered all the evidence both as to facts and circumstances, entertain a reasonable doubt as to whether or not the deceased was shot by the defendant with a pistol at the time and place of the alleged homicide, then you should find the defendant not guilty." There is no prejudicial error in this instruction, inasmuch as the indictment charged the shooting with a pistol; nor in the next one questioned as follows: "The law in its humanity presumes all persons charged with the commission of crime to be innocent, and this humane presumption continues until every material element that constitutes the crime is proven to the satisfaction of the jury trying such person beyond a reasonable doubt." The court after charging the law upon hypothesized cases of murder in the first and second degree, respectively, followed it up, as a continuation of the same charge, with the following: "But should you not so find, and from the evidence beyond a reasonable doubt, that the defendant, at the time and place and by the means and in the manner set forth in the indictment, slew the deceased unlawfully in the heat of overwhelming passion, superinduced by sudden and sufficient provocation on the part of the deceased, to throw a reasonable and cautious man into a sudden and uncontrolable passion, and that the defendant then and there instantly fired upon and slew the

deceased, then you may find the defendant guilty of man-slaughter." The only assault made here on this charge is that it deprives the defendant of his defense of justi-fiable homicide. The court had already charged fully on the law of justifiable homicide, and the questioned charge is qualified by requiring the killing to have been *"unlaw-ful."* The charge as framed, however, is calculated to confuse and mislead, as there have been left out of it some material words necessary to make it intelligible to a jury. And inasmuch as there may be other objections to it that we are not now called upon to consider, we think it should be omitted upon another trial or entirely recon-structed.

The twelfth ground of the motion for new trial is for the alleged error of the court in charging the jury as fol-lows: "And should you further find from the evidence that on the morning of the homicide they fell out with each other in regard to language used by the deceased in regard to the mother of the accused; and should you further find from the evidence that the defendant was without fault and that the deceased was then and there armed with a deadly weapon, or with the wooden mallet offered and shown in evidence, made an assault on the defendant before the defendant had attempted to do any wrong or act of violence to him; and from the evidence should further find that the deceased attempted to strike the defendant with said wooden mallet, and thereby de-signed to do the defendant great bodily harm, and that the defendant as a reasonable man believed the danger of such design being accomplished was then and there immi-nent and impending, and that he fired the fatal shot that killed the deceased, alone to prevent his own life from be-ing taken, or alone to prevent great bodily injury being

inflicted upon him by the deceased, then you should find a verdict of not guilty, on the ground of justifiable homicide. But to entitle the defendant to the benefit of this law of lawful self-defense, the defendant must either be without fault himself or attempted to withdraw from the contest, if such withdrawal could have safely (been) done before firing the fatal shot." The first objection made to this charge is that the words "and thereby" (*i. e.* by assault with a mallet) "designed to do the defendant great bodily harm" operated to "take away from the defendant the right to act upon his belief, and what he saw and felt to be imminent and impending, independent of the design hidden in the mind of his assailant." The objection is not well founded as will be seen from reading the charge. The further criticism is made of this charge that is assumes that the defendant fired "the pistol shot" that killed deceased, thus relieving the State of the necessity of proving that a pistol was used. In the motion for new trial the language used in setting out the charge is "pistol shot," but the charge as set out in the bill of exceptions states it as "fatal shot." In determining what charge was given we are governed of course by the bill of exceptions, and the objection must be dismissed as being without basis of fact for its support. As there has to be another trial of the case we will say, however, that the last clause of this charge should be omitted, as it puts a party at fault in an encounter on the same footing with one without fault in the duty to retreat before exercising the right of self-defense, and it is not in every case that a party assaulted is required to retreat before defending himself, where he is reasonably free from fault in bringing on the difficulty. What has been said disposes of the thirteenth ground of the motion for new trial. The four-

teenth ground of the motion for new trial, *viz:* "And for other good and sufficient reasons apparent upon the record," is too general, vague and indefinite to merit consideration.

II. The second assignment of error is abandoned.

III. The third assignment of error is based upon the ruling of the court below in admititng the testimony of one Saussy, a witness for the State, to the effect that Miss Ives said to him that Kirby (defendant) had shot Ed. (the deceased) which led him to go to the scene of the shooting. This was objected to as being hearsay evidence. It was proper for the witness to say that he went to the scene of the shooting because of something said to him by Miss Ives, but not to repeat the assertions of fact made by her in said conversation, the defendant not being present.

IV. The fourth assignment of error states matter that is erroneous for the reason last stated.

V. To the matter assigned as the fifth error there was no exception, consequently it can not be considered.

VI. The next error assigned is the ruling of the court in permitting the State's witness, Edwards, to testify as to the instructions or caution given the defendant by the committing magistrate before he testified at the preliminary hearing. The objection made to this is that the best evidence on this point is the testimony of the justice, and his docket, both accessible to the court. When this objection was made it was first sustained by the court, and the committing magistrate examined without shedding light upon the question, nor did his docket do so. Edwards was then recalled and examined as stated. Under these circumstances there was no merit in the objection made, as the "best evidence" rule had no application.

VII. The same ruling applies to the next assignment of error.

VIII & IX. A State's witness, one Futch, was called to prove admissions made to him by the defendant in relation to the homicide, and before relating such admissions was asked the following questions by the State Attorney: Q. You can state whether or not before he made such statements to you or anyone else present, you spoke any words to him as an inducement to make a statement either from fear or from hope of reward or betterment. Q. Then if he made a statement to you that morning or answered any question from you or any one else present, was what he said freely and voluntarily said or not? The first of these questions was objected to by the defendant on the ground that it calls for the opinion of witness, and the second question was objected to on the ground that it was too general and leading. The court overruled both objections and such rulings constitute the eighth and ninth assignments of error. The first of these questions, though clumsily worded, sought in substance to draw from the witness the proper predicate for the detail of admissions, i. e., whether or not anything was done or said by him or any one else present to put the defendant in fear or under duress, or excite in him the hope of reward or escape from punishment, as an inducement to the admissions, or whether such admissions were freely and voluntarily made, and there was no eror in either of such rulings.

X. The tenth is that the court erred in overruling defendant's objection to the following question propounded to Miss Ives, witness for the State, i. e. "Now state what you know about his (defendant's) habits as to carrying a weapon, and the kind of weapon, with him to the college

at the time of this homicide, and for sometime previous."
This was objected to as being collateral matter that might
prejudice the defendant with the jury, and because defen-
dant's character was not in isue.    It appeared from the
evidence that the defendant was employed as cook and the
deceased as waiter at the college in Lake City, and that
the homicide occurred in the kitchen of that institution;
that defendant was under the supervision of Miss Ives as
matron; that she was frequently in the kitchen each day
and saw the defendant there every day for several months
prior to the homicide, and in answer to the question ob-
jected to and other questions she testified that defendant
always had a pistol at the college on a shelf; that she al-
ways saw it when she went into the pantry to make bread,
and that defendant claimed the pistol which she saw so
often.    The indictment charged that the offense was com-
mitted with a pistol and evidence was introduced tending
to show the death of the deceased from gunshot wounds,
and that the report of a pistol was heard in the kitchen
about the time the homicide was committed.    While the
question objected to was improper, we think the testimony
adduced was relevant and material as tending to    prove
the alligation that the homicide was committed with a pis-
tol.    If it could be shown that the defendant had a pistol
at hand at the time and place of the shooting, it would be
a circumstance proper to be considered with the    rest of
the evidence, which was circumstantial, in determining
whether he was guilty as changed, and this evidence, we
think, tends to prove that fact. If the eividence was proper
er to prove a material allegation of the indictment, its
admissibility would not be affected by the fact    that it
would also prejudice the defendant's    case    before    the
jury.    Ortiz v. State, 30 Fla. 256, 11 South. Rep. 611;

Roberson v. State, 40 Fla. 509, 24 South. Rep. 474; Wallace v. State, 41 Fla. 547, 26 South. Rep. 713. Most of the material facts serving to show his guilt of the crime charged would have that tendency.

XI. There is no merit in the eleventh assignment of error nor is it contended that the question objected to was leading, which was the only ground upon which objection was made to it in the court below.

XII & XIII. The twelfth and thirteenth assignments are that the court erred in rejecting the evidence of the witness Vaughn, as offered by the defendant as to statements made by defendant, after the State had used such statements against him; and in refusing to allow said Vaughn to testify on behalf of defendant, whether the defendant had previously made the same statement as that made by him at the preliminary hearing, and after the State had in part used that against him. The record shows that Vaughn was permitted to give his version of the statements or confessions as to which evidence had been offered by the State, and that which was excluded was testimony as to other statements made by defendant at some previous time. The defendant endeavors to support these assignments only by citation of authority to the effect that where testimony as to a confession is offered, the whole statement should be given. No violation of this rule is shown.

XIV. The fourteenth assignment of error is based upon the action of the court in permitting the docket entry of the committing magistrate to be read to the jury as follows:

"State of Florida,⎫
　　　vs.　　　⎬　Murder in 1st Degree.
Johnson Kirby. ⎭

Affidavit of C. A. Finley taken. Warrant issued and returned, served by W. N. Cone, Sheriff. And the defendant was on this day given a hearing on said charge, and the court being satisfied that there is probable cause to hold the defendant and believing the presumption of his guilt to be great, he holds the defendant to Circuit Court, without bail. Given under my hand and seal this 4th day of April, 1901.

　　　　　　　　　　O. R. PARKER,
　　　　　　　　　Justice of the Peace."

The only apparent purpose for which this record was offered at this time was to show that the committing magistrate, who at the time of the trial was one of the defendant's attorneys, had as such magistrate found the presumption of defendant's guilt to be great. This was clearly improper, and was highly prejudicial to defendant's case. The objection to the docket entry should have been sustained, and the failure to do so was error for which the judgment of the court below must be reversed. The only objection urged to the introduction of this matter in the court below was the general objection, "that it was improper." While this court has repeatedly announced the general rule to the effect, "that general objections to questions addressed to witnesses, without stating the precise ground of objection, are vague and nugatory, and if entitled to weight anywhere are without weight before an appellate court" (Gladden v. State, 12 Fla. 562; Jacksonville, T. & K. W. Ry. Co. v. Peninsular Land Transp. & Manf'g Co. 27 Fla. 1, 9 South. Rep. 661;

Johnston v. State, 29 Fla. 558, 10 South. Rep. 686; Camp v. Hall, 39 Fla. 535, 22 South. Rep. 792) ; to this general rule there is, however, an exception, if the evidence objected to is palpably prejudicial, improper and inadmissible for any purpose or under any circumstances, then a general objection, thereto is sufficient.   Espalla v. Richard, 94 Ala. 159, 10 South. Rep. 137; State v. Patrick, 107 Mo. 147, 17 S. W. Rep. 666; Connor v. Black, 119 Mo. 126, 24 S. W. Rep. 184; State v. Soule, 14 Nev. 453; Ward v. Wilms, 16 Colo. 86, 27 Pac. Rep. 247; Lothrop v. Roberts, 16 Colo. 250, 27 Pac. Rep. 698; Brumley v. Flint, 87 Cal. 471, 25 Pac. Rep. 683.   The evidence above objected to was wholly inadmissible and incompetent for any purpose or under any circumstances—palpably so upon its face— and, under the circumstances, highly prejudicial to the accused, a general objection, therefore, to its admission was all that was necessary to exclude it.

XV. The fifteenth assignment of error is that the court erred in permitting the State's witness Saussy to testify that the defendant's witness Bird had pointed out to him, Saussy, the spot where he saw the pestle lying when he found Barnes on the floor wounded, and that the place pointed out was about four feet from the hand of Barnes. Bird had testified that the pestle was about one foot from Barnes' hand, and this was in the nature of impeaching testimony, and is objected to on the ground that no proper predicate had been laid for it in the examination of Bird.   Upon cross-examination, when recalled, Bird had been asked whether he had not at the time and place mentioned, pointed out to Saussy the place where the pestle stood, and he denied that he had done so then or at any other time.  This sufficiently directed the attention of

Bird to the matter, and it was proper to admit this tes-timony of Saussy.

The remaining assignments of error have been disposed of in considering the propriety of the refusal of the court below to grant defendant's motion for a new trial.

For the errors found the judgment of the Circuit Court is reversed and the cause remanded for new trial.