[S. F. No. 1055. Department Two.—June 23, 1899.]

HERMAN MESENBURG, Respondent, v. JAMES DUNN, Appellant.

ACTION TO ANNUL CONTRACTS OF SALE—FRAUD—RECOVERY OF PURCHASE MONEY—EQUITY JURISDICTION—JURY TRIAL.—In an action by a purchaser under contracts for the sale of lands, to have them annulled on the ground of false representations inducing the purchase, and to recover back the purchase money paid, the court, as a court of equity, has jurisdiction of the main action, and a general jury trial of all the issues cannot be demanded in the action. Where no issue is raised as to the amount of money paid under the contract, and the answer merely denies the false representations, there is no issue upon which a jury trial can be demanded, and the court, upon determining the issues in favor of the plaintiff, may award full relief, to prevent further litigation.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

Daniel Titus, for Appellant.

The action is one at law to recover money paid; but if it combines both equitable and legal remedies, the defendant is entitled to a jury trial of the facts upon which the legal remedy depends. (*Hughes v. Dunlap,* 91 Cal. 385; *Newman v. Duane,* 89 Cal. 598; *Haines' Appeal,* 73 Pa. St. 172; *Norris' Appeal,* 64 Pa. St. 281; *Tillmass v. Marsh,* 67 Pa. St. 508; *Coal Co. v. Snowden,* 42 Pa. St. 488; 82 Am. Dec. 530; Pomeroy's Equity Jurisprudence, sec. 116.)

Otto Tum Suden, for Respondent.

The jurisdiction was in equity (*Loaiza v. Superior Court,* 85 Cal. 11; 20 Am. St. Rep. 197), which could afford complete relief, to prevent future litigation (*Watson v. Sutro,* 86 Cal. 529); and the parties were not entitled to a jury trial of the issues joined. (*Fish v. Benson,* 71 Cal. 435; *Wheelock v. Godfrey,* 100 Cal. 585; *Churchill v. Baumann,* 104 Cal. 372; *Crocker v. Carpenter,* 98 Cal. 418.)

McFARLAND, J.—This is an appeal by defendant from a judgment in favor of the plaintiff; and the only point made for a reversal is that the court erroneously denied appellant's demand for a jury trial.

It is averred in the complaint that plaintiff was induced by false representations, which are set forth, to enter into certain written contracts with defendant by which he agreed to purchase certain lands from the defendant, and that he paid to defendant as a part of the purchase price the sum of seven hundred and sixty dollars; and he prays for a decree of the court declaring said contracts null and void; and also that he have judgment for said seven hundred and sixty dollars. The demand for a jury was general and embraced the whole case, the language being, "demands a jury and that said cause be tried by a jury." The main purpose of the action, to wit, to have the contracts declared null and void, clearly brought that part of the action within equitable jurisdiction; and under no view was the defendant entitled to have the whole case tried by a jury. But, waiving that point, his demand for a jury was, upon general principles, properly denied. The recovery of the part payment made under the contract was merely incidental to the main issue, and the court, as a court of equity having jurisdiction of the main action, properly determined the whole controversy so as to prevent future litigation, no issue being raised except as to the matters upon which plaintiff founded his demand for the equitable interposition of the court. In his answer the appellant merely denied the alleged facts as to the false representation, and no issue is raised as to the amount of money paid on the contract; and, therefore, it is not a case where a legal defense strictly cognizable in a court of law is made to a complaint which is in form a bill of equity, and is unlike *Donahue v. Meister*, 88 Cal. 121; 22 Am. St. Rep. 283; *Newman v. Duane*, 89 Cal. 597, and other cases cited by appellant. The case at bar is within the principles declared in *Crocker v. Carpenter*, 98 Cal. 418, where some of the cases cited by appellant are reviewed and distinguished from cases like the present one.

The judgment appealed from is affirmed.

Temple, J., and Henshaw, J., concurred.