[Civ. No. 4751. Second Appellate District, Division Two.—March 2, 1928.]

JOHN MAXWELL, Respondent, v. F. D. JIMENO et al., Appellants.

Ernest P. Wellman and George W. McDill for Appellants.

Henry L. Knoop for Respondent.

VALENTINE, J., *pro tem.*—This is an appeal from a judgment of the superior court in favor of plaintiff and against defendants. The appeal is taken on the judgment-roll alone.

The action was to recover $862.95 for work and labor performed and materials furnished. The answer admits that plaintiff performed certain work and furnished certain materials, but denies they were of the value of $862.95, or of any value, except as set forth in a certain agreement incorporated in and set up as a part of the answer and as a defense. It is alleged in the answer that it was under this agreement that plaintiff performed services and furnished materials, and that plaintiff was paid by the conveyance to him of certain real property as provided in the agreement.

The sole contention of appellants is that the pleadings do not sustain the judgment, inasmuch as the court found that the contract was obtained by false and fraudulent representations, that it was in due time repudiated, canceled, and rescinded by the plaintiff, and is void, and that because there was no pleading asking for a rescission of the contract the pleadings do not sustain the findings and judgment; that plaintiff should have set up all the facts with reference to the making of the contract, and then should have pleaded fraud and asked for a rescission.

614

Without reference to whether the plaintiff might have done this, he did not, and we must consider this appeal upon the theory upon which the case was tried. (*Lugiani* v. *Landau Economic Syphon Co.*, 38 Cal. App. 146 [175 Pac. 648].) Plaintiff evidently relied upon his repudiation of the contract and elected to ignore it and sue upon the common count for money due him. He was justified in this by the finding of the trial court referred to above.

The appeal being on the judgment-roll alone, the evidence cannot be reviewed on appeal, and it must be assumed that the findings are sustained by the evidence. (Code Civ. Proc., sec. 670; *Mock* v. *City of Santa Rosa*, 126 Cal. 330 [58 Pac. 826].)

Appellant cites many authorities to illustrate the rule that the judgment must be sustained by the pleadings, but this is elementary and respondent admits it, claiming it has no application to the case at bar.

Section 437 of the Code of Civil Procedure provides:

"The answer of the defendant shall contain:

"1. A general or specific denial of the material allegations of the complaint controverted by the defendant. . . . "

And section 462 of the Code of Civil Procedure provides:

"Every material allegation of the complaint, not controverted by the answer, must, for the purposes of the action, be taken as true; the statement of any new matter in the answer, in avoidance or constituting a defense or counterclaim, must, on the trial, be deemed controverted by the opposite party."

The above would seem to sustain respondent's contention.

In *Sarnighausen* v. *Scannell*, 11 Cal. App. 652, 656 [106 Pac. 117, 119] the court says: "Under our form of pleading, there is no opportunity offered for the filing of a replication to the answer. (*Colton L. & W. Co.* v. *Raynor*, 57 Cal. 588.) When affirmative matter is pleaded as a defense it is deemed to be denied. (Code Civ. Proc., sec. 462.) Thus, where a contract is set up as a special defense plaintiff, without pleading such matter, may show that it was procured by fraud, menace or duress, or that it has been rescinded. (*Sterling* v. *Smith*, 97 Cal. 343 [32 Pac. 320]; *Brooks* v. *Johnson*, 122 Cal. 571 [55 Pac. 423]; *Moore* v. *Copp*, 119 Cal. 429 [51 Pac. 630].)"

A subsequent ratification has been held to be equivalent to a previous authorization. In view of the finding of the trial court that the said contract was void, the plaintiff would seem to have been justified in ignoring it.

In *Donegan* v. *Houston,* 5 Cal. App. 626, 632 [90 Pac. 1073, 1075] (citing *Minor* v. *Baldridge,* 123 Cal. 187 [55 Pac. 783]), the court says:

"If the trial court accepted the explanation of plaintiff, which it had a right to do, and found the withholding of the certificate was a fraud upon plaintiff and without warrant, there was evidence to sustain it, and the complaint was sufficient to support the finding without the fraud or excuse being specifically pleaded or set out."

In view of the foregoing there is no merit in appellants' contention that the judgment is not sustained by the pleadings.

The judgment is affirmed.

Works, P. J., and Craig, J., concurred.