[Sac. No. 4381. In Bank.—August 27, 1931.]

K. ITO, Respondent, v. KIYOSHI WATANABE, Appellant.

Busick & Leeper for Appellant.

Lee Gebhart for Respondent.

LANGDON, J.—Plaintiff and defendant entered into a contract by the terms of which plaintiff agreed to sell to defendant an hotel business, furniture and other equipment, and to procure a new lease for him. This action is for the balance of the purchase price. The answer of defendant alleged misrepresentations inducing the making of the contract and partial failure of consideration. It further alleged a notice of rescission and offer to restore the consideration received. In addition the answer set forth a delivery by defendant of an unindorsed certificate of the Yokohama Specie Bank, San Francisco branch, as security for the payments to be made, and prayed that plaintiff be required to return this certificate and the sum of $1600 already paid on the contract. Defendant demanded a jury trial, which was granted over the objection of plaintiff. Eleven special interrogatories were submitted to the jury, and the parties stipulated that the court could make findings on all other issues. On four of the questions given to the jury, involving the issue of fraudulent representations, their answers were in favor of defendant. Plaintiff thereupon moved that the court disregard this verdict and enter judgment in favor of plaintiff, which it did. This appeal is taken by defendant on the judgment-roll alone.

The first question presented by these facts is whether the court acted within its powers in disregarding the jury's verdict. Its action appears to have been based chiefly upon the theory that the answer raised only equitable issues and that therefore, under the well-settled rule (see *Brichetto* v. *Raney,* 76 Cal. App. 232 [245 Pac. 235]), the jury trial was unnecessary and its verdict was only advisory. This rule would doubtless apply to an action brought by the buyer to cancel or to rescind the agreement. ■ But a rescission may be effected by notice and restoration or tender of the consideration, without the necessity of an action. (Cal. Civ. Code, sec. 1691; *Zeller* v. *Milligan,* 71 Cal. App. 617 [236 Pac. 349]; see 19 Cal. L. Rev. 424.) The present action is brought by the seller for the balance of the pur-

chase price, and the buyer is defending on the ground of fraud, and alleging a prior rescission by notice and offer to restore the consideration. Fraud is the issue, and, as raised in this case, it is a legal issue. No equitable doctrine is involved and no equitable remedy is sought. (See *American Sign Co.* v. *Electro-Lens Sign Co.,* (D. C.) 211 Fed. 196.) A buyer may defend on this ground without pleading either affirmance or rescission of the contract (*Paolini* v. *Sulprizio,* 201 Cal. 683 [258 Pac. 380]), and the fact that he alleges a rescission already completed does not change the nature of his defense.

It follows that the court was in error in its view that the jury's verdict was advisory only, if such was its view. It is urged, however, that the court was justified in ignoring the answers to the special interrogatories on the ground that they were uncertain and incomplete. Their uncertainty is plain, for, as submitted, they did not include the essential elements of materiality and reliance, so that the jury found merely that plaintiff made certain false representations with the intent to deceive defendant, and did not find that the subject of the representations constituted a a material inducement to enter into the contract, or, indeed, that they were relied upon at all. It was for this reason that the District Court of Appeal, Third District, denied a petition for a writ of mandate to compel the court to enter judgment on the verdicts. (*Watanabe* v. *Superior Court,* (Cal. App.) 280 Pac. 135.) A hearing by this court was denied in that proceeding. The situation therefore appears to be this: Defendant agreed to the submission by the court of certain issues to the jury and stipulated that the court might find on all the other issues. The jury found that there were intentional misrepresentations, but the court expressly found that it was not true that defendant was induced to enter into the agreement on the basis of any such misrepresentations. We are unable to perceive any proper ground upon which to reverse this judgment. The error of the court in disregarding the jury's verdict was not prejudicial, for that verdict has already, in a prior proceeding between these parties, been judicially determined insufficient to support a judgment; and even if it were not so determined, it would be necessary for us to make the same determination. There is nothing in the record before us to indicate that the defend-

ant objected to the form or content of the special issues, and it clearly appears in that record that counsel for defendant contemplated and agreed to the court's finding on the other issues. It would be unreasonable and unjust under these circumstances to require plaintiff to submit to a new trial.

The judgment is affirmed.

Preston, J., Curtis, J., Seawell, J., and Waste, C. J., concurred.

Rehearing denied.