[Civ. No. 8163. First Appellate District, Division Two.—March 16, 1932.]

WILLIAM EDWARD BROWN et al., Respondents, v. C. J. ROBERTS et al., Appellants.

Doyle, Clark, Thomas & Johnson for Appellants.

Ray Meacham and Bruce Mason for Respondents.

SPENCE, J.—This action was instituted by the sellers to compel specific performance of a contract to purchase certain real property. It was thereafter dismissed as to the defendant bank, which was the escrow-holder. From a judgment in favor of plaintiffs and against defendants C. J. Roberts and C. A. Draper, said defendants appeal.

Escrow instructions were signed by plaintiffs and defendant C. J. Roberts on March 1, 1927, and these instructions

and accompanying instruments constitute the agreement between the parties. The instructions given by defendant Roberts recite the direct payment of $140 to plaintiffs, the delivery of $400 in cash to the escrow-holder, together with a promissory note in favor of plaintiffs in the sum of $2,350, signed by defendants Roberts and Draper and payable sixty days from date with interest at seven per cent. The escrow-holder was instructed to use the money and note provided it could secure a guarantee or certificate of title from any one of several designated title companies showing the title to the property described in defendant C. J. Roberts, free of encumbrances with the usual exceptions, and further excepting a "trust deed of record securing note for $2,500.00 on which there is an unpaid balance of $2,110.00". The escrow-holder was further instructed to procure "municipal certificate showing above property free from municipal liens". Time was declared to be of the essence and the escrow-holder was instructed to return the money and instruments if unable to comply with the instructions within thirty days. Plaintiffs indorsed on said instructions their approval of "the conditions as above" and their instructions recited the delivery to the escrow-holder of their deed conveying the property to defendant C. J. Roberts, said deed to be delivered upon the payment of "the sum of $400.00 and note for $2,350.00 shown above within the time as above provided".

On March 9th the bank informed defendant C. J. Roberts that the title company had stated that there was a judgment against one Charles Roberts and requested sufficient information to satisfy the title company that defendant C. J. Roberts was not the party involved in the judgment. Defendant Roberts called at the bank, stated that there was no judgment against him, and although he expressed a willingness to sign an affidavit as requested by the title company, he did not return to the bank to do so. The title company further reported, in the early part of March, that the property was subject to an assessment bond in the sum of $100.43. The bank notified the parties about this bond and plaintiff William Brown discussed the matter with defendant Roberts and offered to pay the bond off or to let defendant Roberts assume it. Defendants Roberts stated that "It doesn't make any difference, I don't intend to keep the lot anyway."

In the absence of the affidavit above referred to and further instructions regarding the bond, the bank did not consummate the transaction within the thirty days provided in the escrow instructions. On April 2, 1927, defendants notified the bank that the lot described was not the same property shown by the seller and demanded a cancellation of the escrow and the return of all money and papers deposited. The facts stated in this notice were made the basis for the allegations of defendants' cross-complaint herein, but the trial court found the allegations of the cross-complaint to be untrue and further found that, in attempting to rescind, defendants had acted in bad faith. No exception is taken to these findings.

On this appeal appellants take the position that respondents failed to comply with the terms of the agreement within the time specified and are therefore not entitled to specific performance. We find no merit in this contention. Respondents delivered their deed to the escrow-holder at the time the escrow instructions were signed and it appears that the only reasons for the failure of the escrow-holder to consummate the transaction were the absence of the affidavit requested and the existence of the assessment bond against the property. Conceding that it was respondents' duty to obtain the certificate of title and the municipal certificate rather than the duty of the escrow-holder as agent of both parties, respondents' failure to do so was caused by the conduct of appellants in consenting to produce the affidavit and failing to do so and in failing to definitely state their desires with respect to the assessment bond. In our opinion such failure, if it may be so termed, upon the part of respondents to fully perform within the time specified was excused by the conduct of appellants, and in any event such failure would not defeat specific performance, for it falls within the exception specified in section 3392 of the Civil Code, being only a partial failure to perform, which was entirely immaterial under the circumstances. (Pomeroy's Specific Performance of Contracts, 3d ed., 930.)

Appellants further contend that respondents have not at any time complied with all of the terms and conditions of the agreement. Pursuant to the interlocutory judgment rendered by the trial court at the first trial of the cause, respondents did pay the assessment bond, furnished

to appellants a municipal certificate, and also furnished a certificate of title issued by one of the approved title companies, showing title vested in appellant C. J. Roberts, as required by the agreement. Thereafter the trial court granted a new trial, and upon the second trial the present judgment was entered. The only basis for the above contention is the fact that the encumbrance referred to in the agreement as a "trust deed of record" was in fact a mortgage. Appellants state that "when they contracted to take the property subject to a trust deed they cannot be compelled to take it subject to a mortgage". We believe this contention is likewise without merit, for it is apparent that the parties were dealing with an encumbrance of record of which they were charged with notice. No claim is made that the amount secured was not as set forth in the agreement nor that the terms of the note were unknown to appellants. The trial court treated as immaterial the fact that the recorded instrument was referred to in the agreement as a "trust deed of record" rather than as a mortgage, and we believe that it was correct in so doing.

Appellants make the further point that the escrow agreement could not be specifically enforced due to its uncertainty, but in our opinion this point may not be sustained. That escrow instructions may be sufficient to constitute an agreement between the parties is well settled. (*Tuso* v. *Green*, 194 Cal. 574 [229 Pac. 327] ; *Hansen* v. *Hevener*, 69 Cal. App. 337 [231 Pac. 361].) In the escrow instructions in this case we find all of the necessary elements to constitute a valid agreement set forth with sufficient certainty to entitle the parties to specific performance.

On behalf of appellant C. A. Draper it is urged that the complaint was insufficient and that his demurrer thereto should have been sustained. Said appellant calls to our attention the fact that he did not sign the escrow instructions, the same being signed only by appellant Roberts. The complaint, however, set forth the entire transaction and contained allegations showing that the promissory note for $2,350 was executed by both appellants in favor of respondent and that said note remained wholly unpaid. The complaint was therefore sufficient to state a cause of action as to appellant Draper, and although the complaint was entitled a complaint for specific performance, it was proper

under the circumstances for the trial court in the exercise of its equity jurisdiction to extend its jurisdiction to matters which are ordinarily of purely legal cognizance and to make a proper disposition of the entire controversy. (10 Cal. Jur. 496, sec. 41.) This was done and the judgment as to appellant Draper was limited to his liability under the terms of the promissory note.

Two further contentions are made by appellants. It is argued that as they had rescinded before this action was filed "there was no contract in existence which could be the foundation or basis of this action for specific performance". It is sufficient answer to state that the trial court found against appellants on the facts upon which they claimed the right to rescind and further found that the attempted rescission was made in bad faith. Of course, a mere notice purporting to rescind an agreement cannot have that effect unless the party giving such notice is entitled to rescind. It is further argued that "respondents have not kept the property in such condition that they can deliver the same to appellants upon the entry of a final judgment of specific performance". This argument is answered by the fact that after the first trial of the cause title to the property became vested in appellant Roberts as provided by the agreement and appellants could not thereafter require that respondents make further payments on the mortgage indebtedness in order to prevent foreclosure. If, as claimed by appellants, the mortgagee thereafter foreclosed the mortgage, such fact cannot affect the rights of respondents. It may be stated, however, that no reference to foreclosure is found in the evidence except a reference to the fact that respondents had been served with summons in a foreclosure action which was pending at the time of the second trial of the cause.

We find no error in the record. The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.