BISHOP, J.
The controlling question presented on this appeal is whether or not a municipal court has jurisdiction of an action to recover the sum of $2,000 or less paid pursuant to a contract induced by fraud and rescinded on that ground. ' The complaint in the present action is cast in the form of one for money had and received, but both from the written demand incorporated into the complaint and from the argument made it is apparent that the cause of action thus concealed in the common count is one for the recovery of money which had been paid under a contract since rescinded for fraud. We are of the opinion that the municipal court had jurisdiction.
But for some later decisions which are frequently cited to us as requiring a different conclusion, we would be content to rest our opinion on an early Supreme Court case and on a late decision of the District Court of Appeal, Second District. The argument now stressed, that an action such as ours is one of rescission and is, therefore, in equity rather than in law, was not under debate in the early case of Schroeder v. Wittram, (1885) 66 Cal. 636 [6 Pac. 737], yet the case is worthy of our attention. It, too, dealt with an action for money had and received; one begun in a justice’s court following the rescission of a contract for failure of consideration. The jurisdiction of the court was under attack, but on grounds other than that the case was in equity because an action for rescission; that ground did not suggest itself to counsel or the court. In addition to the significance of silence we have these words in one of the opinions filed in the case (p. 638):
*785 “What is known in the civil law as redhibition, and in our law as rescission of the contract, or dissolution of the proposed sale, takes place, and the buyer and seller are restored to their original position—the law vesting the buyer with a right to a return of any money which he may have paid upon the contract, and to a legal remedy to enforce the return of it, by an action against the seller as for money had and received.
“As an action for money had and received, the justice’s court in which the complaint was filed had jurisdiction.”
At the time with which the case dealt (as now), justices’ courts had jurisdiction of cases at law, Constitution, article VI, sections 5 and 11, as does the municipal court, Statutes 1931, page 1717, but not of cases in equity.
Of greater weight is Taback v. Greenberg, (1930) 108 Cal. App. 759 [292 Pac. 279], an appeal from the superior court judgment affirming a judgment of the municipal court. The complaint, the record discloses, was drawn in two counts, the first reciting the making of a contract, payment of money thereunder by the plaintiff, and the subsequent rescission for failure of consideration. The second count recited the formula of an action for money had and received. The relief sought was the return of the amount paid. Succinctly the court commented: “The action was properly brought in the municipal court, because it was merely an action for the recovery of $550 and not for the rescission of a contract, because that was rescinded by the notice of rescission.”
These two decisions are the logical result of the application of well-established principles. There can be no doubt that one having a right to rescind need not turn to the courts to have the rescission accomplished; he may effect it by his own action. (Prewitt v. Sunnymead Orchard Co., (1922) 189 Cal. 723 [209 Pac. 995], McNeese v. McNeese, (1923) 190 Cal. 402 [213 Pac. 36], Maxwell v. Jimeno, (1928) 89 Cal. App. 612 [265 Pac. 885], and Ito v. Watanabe, (1931) 213 Cal. 487 [2 Pac. (2d) 799].) The reluctant response of him as to whom the contract was rescinded may require the help of a court to secure to him, who rescinded, the relief to which he has become entitled. This relief may be such that only a court of equity can furnish it. For examples, see Mesenburg v. Dunn, (1899) *786 125 Cal. 222 [57 Pac. 887], and Rocha v. Rocha, (1925) 197 Cal. 396 [240 Pac. 1010]. The relief sought may, however, be the return of personal property. In such case the action commonly known as claim and delivery is appropriate. (McNeese v. McNeese, supra.) This, of course, is an action at law. (See Faulkner v. First Nat. Bank, (1900) 130 Cal. 258 [62 Pac. 463].) If money alone has been transferred by the rescinding party, upon the rescission the law implies a promise to return it, which becomes the basis for a common-law action of money had and received. (Rand v. Columbian Realty Co., (1910) 13 Cal. App. 444 [110 Pac. 322] ; Winkler v. Jerrue, (1912) 20 Cal. App. 555 [129 Pac. 804] ; Fontaine v. Lacassie, (1918) 36 Cal. App. 175 [171 Pac. 812] ; Bridges v. Fisk, (1921) 53 Cal. App. 117 [200 Pac. 71] ; Firpo v. Pacific Mut. Life Ins. Co., (1926) 80 Cal. App. 122 [251 Pac. 657].)
As already mentioned, doubt has been cast upon the conclusion which follows from a recital of these principles, by a statement appearing in the majority opinion in Stone v. Superior Court, (1931) 214 Cal. 272 [77 A. L. R. 743, 4 Pac. (2d) 777], and the application of the Stone case in Ingalls v. Superior Court, (1932) 121 Cal. App. 453 [9 Pac. (2d) 266], and Fair View Farms Co. v. Superior Court, (1932) 123 Cal. App. 9 [10 Pac. (2d) 1011]. The statement referred to, characterizing an action in all essentials the same as the one at bar, is this: “The first count in the plaintiff’s complaint in said action clearly and unmistakably set forth a cause of action for equitable relief . . . ” We are satisfied that neither this statement, nor any of the three cases referred to, requires nor justifies an abandonment of our conclusion that the municipal court had jurisdiction of the action.
First of all, it should be noted that the matter strenuously debated in the Stone case was not the jurisdiction of the court, but whether or not the case was one in which an attachment should issue. The decision was that an attachment should not issue in such an action. The ease, therefore, is not an authority on our jurisdictional question, unless in reaching its decision the court announced principles which are controlling in our situation. But this we find not to be the case. The solution of the Stone case depended on an answer to the question: “ Is the action upon a contract, *787 express or implied?” The question was not, “Is the action one at law or one in equity?” What the court stated, therefore, must be understood in the light of the question being debated. A more accurate understanding may be obtained by quoting further statements from the majority opinion. The first begins the paragraph immediately following the one from which we have quoted, in these words: “The cause of action thus set forth was essentially an action sounding in fraud and deceit.” Later it is again stated: “It clearly appears that her only cause of action is one founded upon the defendants’ alleged fraud and deceit.” Again: “plaintiff’s real cause of action . . . was an action sounding in fraud and deceit”. But an action to recover damages in fraud and deceit is an action at law, not in equity. In denying a rehearing in Stephan v. Superior Court, (1920) 183 Cal. 673, 676 [192 Pac. 1083], our Supreme Court stated that an action for damages for fraud and deceit was not in equity, but “is without doubt a common-law action for damages for a tort”, and held that it was, therefore, within the jurisdiction of the justice’s court when the recovery sought was less than $300. In Hallidie v. Enginger, (1917) 175 Cal. 505 [166 Pac. 1, 3], relied upon in the Stone case, we find: “It is an action ex delicto for fraud. At common law it would have been an action of trespass on the case for damages for deceit.” Such actions do not support attachments, the conclusion toward which the opinion was moving in the Stone case. We cannot interpret one portion of the opinion as declaring the action to be in equity, when it is followed by three statements that it is an action in fraud and deceit, a tort law action when a money judgment is all that is sought. Rather we see in the expression “a cause of action for equitable relief”, a present-day application of the thought expressed by Lord Mansfield in Moses v. Macferlan, (1760) 2 Burrows, 1005, where, delivering the opinion of a court dealing only with cases at law, he held that an action on the case for money had and received was proper, saying: “This kind of equitable action, to recover back money, which ought not in justice to be kept, is very beneficial, and therefore much encouraged . . . the gist of this kind of action is, that the defendant, upon the circumstances of .the case, is obliged by the ties of natural justice and *788 equity to refund the money.” We feel we are justified in concluding, therefore, that the Stone case neither holds nor states that an action for the recovery of money paid under a contract rescinded for fraud, is an action in equity, and not at law, although the result sought may be equitable dealing.
The two other cases, Ingalls v. Superior Court, supra, and Fair View Farms Co. v. Superior Court, supra, referred to by some as clouding the title of the municipal court to actions such as the one under review, are to be distinguished from the Stone case in two particulars. In the first place, they did involve the question of jurisdiction. As the jurisdiction of the superior court in civil cases is limited to those not within the jurisdiction of a municipal court (Const., art. VI, sec. 5) a decision as to the jurisdiction of the superior court necessarily involves the jurisdiction of the other court. In both cases it was held by the same court that decided Taback v. Greenberg, supra, that the superior court had (from which it follows that the municipal court would not have) jurisdiction. The decisions were based on the Stone case, and hearings before the Supreme Court were denied. But for the further distinction that is apparent between these two cases and the Stone case, and between these cases and ours, we would be constrained to reach a different conclusion from that announced, for both of these cases deal with a situation growing out of the rescission of a contract for fraud. A distinction exists, however, and as it is one often found to be determinative of the character of an action, whether at law or in equity, we consider it of commanding importance. The distinction appears in the relief sought. Neither in the Stone case nor ours is any relief prayed for which a court of law could not give; a money judgment and other proper relief is all that is sought. In the Ingalls ease, however, in addition to the return of the money paid, plaintiff prayed: “That said contract, and all transactions in connection therewith be rescinded, and declared null and void, and of no force or effect whatsoever.' In the Fair View Farms Co. action the prayer in part was: “that the said contract between the plaintiff and the defendants may be rescinded, delivered up and cancelled”. Such relief obviously could not be given by a law court; it must come from a court with equity *789 jurisdiction, viz., the superior court. Neither of these cases, therefore, requires nor supports the conclusion that the municipal court lacked jurisdiction of the action before us.
The trial court erred, therefore, in ordering that the judgment in plaintiff’s favor he set aside, and in ordering that the action be dismissed for lack of jurisdiction; these orders are reversed, appellant to have his costs of appeal. The appeal from the further order declining to correct those just mentioned by the reversal becomes moot and is dismissed.
McLueas, P. J., and Shaw, J., concurred.