[Civ. No. 8822. Second Appellate District, Division Two.—February 14, 1933.]

HARRY H. CULVER & COMPANY (a Corporation), Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY et al., Respondents.

Leslie S. Bowden and O. J. Marston for Petitioner.

Everett W. Mattoon, County Counsel, and J. F. Moroney, Deputy County Counsel, for Respondents.

STEPHENS, J.—The petitioner asks that this court command the superior court to proceed with a certain cause pending therein. In addition to the superior court, the

judge thereof, who has handled the cause so far, and the marshal and clerk of the Municipal Court of Los Angeles, are made parties respondent.

The alternative writ issued and respondents have demurred to the petition on the ground that the facts stated therein do not entitle petitioner to relief. This litigation began with an action in the said municipal court entitled *Jens Henry Jensen, Plaintiff*, v. *Harry H. Culver & Company, Defendant, a Corporation* (petitioner herein), in which the plaintiff asks the return of $1450 theretofore paid defendant as part payment on a contract to purchase real estate. The action is framed after the fashion of the common count. The complaint is denominated "Complaint—Money Had and Received" and sets up as an exhibit a notice to the defendant that plaintiff rescinds "such purchase" and offers to restore everything of value received and demands return of money paid, "Because of the willful and deliberate fraud and deception practiced upon me by your company in inducing me . . . to enter into a contract for the purchase of" certain described real estate. It may be noted that neither the complaint nor the exhibit specify any particular as to the fraud and deception allegedly practiced upon the said plaintiff. This notice (exhibit "A" to complaint and made a part thereof) closes as follows: "I am giving you this notice preliminary to the institution of suit to compel the refund of my money in the event you see fit to disregard this notice." The data furnished us in this proceeding indicates that this municipal court action proceeded to trial and verdict and judgment for plaintiff before jury and judge, upon the complaint and a written answer amounting to a general denial.

No demurrer or objection to the taking of testimony appear to have been injected into the case.

We here break the logical outline of the facts to remark that this latter circumstance, as it occurs to us, vitally affects the claim, long after made by said defendant, that the case is equitable and outside the jurisdiction of the municipal court. Of course silence cannot confer jurisdiction of a subject matter, but it can and we think herein does preclude this belated claim that the cause was not in fact what it was tried as, to wit: a money had and received case following an accomplished rescision.

To continue with the recital of facts: After judgment the municipal court made an order setting aside as null and void the referred to judgment on the ground that the subject matter was equitable in nature and therefore cognizable only in the superior court. The plaintiff appealed and the appellate department of the superior court reversed this referred to order. Thereupon defendant Culver Company instituted an action in the superior court praying therein that the said referred to municipal court judgment be set aside as null and void because of the jurisdictional question heretofore mentioned. A demurrer to the complaint in the superior court proceeding was interposed and was sustained without leave to amend.

We have now gone around the eventful circle of this litigation and are back to our starting point, to wit: the proceeding through which we are asked to command the superior court to proceed and declare the municipal court judgment a nullity.

Respondent's demurrer must be sustained, the writ discharged and the proceedings dismissed, for the following reasons:

(1) The municipal court case was framed as a money had and received case and the issue thus tendered was met by defendant therein (petitioner here) as such, and so far as we are informed, was tried to judgment as such. It was too late after judgment went against it for defendant corporation to here complain upon the showing only of the pleadings, verdict and judgment that it was a case in equity. So far as we know, the rescission intended by the notice (exhibit "A," municipal court complaint) was regarded by said defendant as an accepted and accomplished rescission. Indeed, it would seem that we must regard this as true as there is no denial respecting the notice, its statement of fact or its service.

(2) The case, in the municipal court, is one sounding in law and not in equity. The difference of opinion as to this point is, of course, the real cause for all of the referred to proceedings following the judgment in municipal court. This point is the sole ultimate question decided by the appellate department of the superior court when it reversed the municipal court order declaring the judgment a nullity. Although we are by no means certain that deci-

sion on this point is strictly or technically necessary, as may be seen by our first reason for decision, we nevertheless think it proper to here decide the point for its influence on the future of this litigation.

Accordingly, we have examined all of the authorities cited to us. In this we have read the referred to opinion of the superior court appellate department, with great care and admiration. (*Jensen* v. *Harry H. Culver & Co.*, 127 Cal. App. (Supp.) 783 [15 Pac. (2d) 907].) Upon the reasoning of that opinion and the authorities therein cited we hold that in the circumstances of the instant proceeding the rescission of the contract was accomplished by the notice served, and that the action brought to recover the money theretofore paid upon the contract was one in law and not in equity.

Respondent (by demurrer) resists petitioner's allegation that he has no plain, speedy or adequate remedy by appeal. As we believe decision on the merits of the subject matter will be more useful than decision on this point, we herein assume rather than decide this allegation to be true.

The demurrer is sustained, the alternative writ is discharged and the proceedings dismissed.

Works, P. J., and Craig, J., concurred.