[Civ. No. 1708. Fourth Appellate District.—April 17, 1935.]

F. C. FAIRBAIRN, Appellant, v. CLAUDE S. EATON
et al., Respondents.

Avery M. Blount for Appellant.

R. Dechter and B. L. Hoyt for Respondents.

MARKS, J.—This is an appeal from a judgment of dismissal after a demurrer to the second amended complaint was sustained without leave to amend. The demurrer raised two objections to the sufficiency of this pleading, which we will hereafter refer to as the complaint, that neither it nor its several counts stated facts sufficient to constitute a cause of action against Claude S. Eaton, the demurring defendant, and that the court had no jurisdiction of the subject-matter attempted to be stated in the complaint or its counts. The trial court sustained the demurrer on the second ground and refused the request of plaintiff for leave to further amend the pleading.

This case was first appealed to the District Court of Appeal of the Second Appellate District. It was transferred to the Supreme Court because of the belief that jurisdiction of the appeal rested there. The Supreme Court transferred the case to this court for decision for ''good cause''.

██ We have examined the pleading and while it is obvious that it is open to attack on various grounds of special demurrer, we have reached the conclusion that it is not so wholly lacking in its allegations of facts that a general demurrer should be sustained without leave to amend some of its carelessly drawn paragraphs. We will, therefore, devote ourselves to a consideration of whether the Superior Court of Los Angeles County, or the Municipal Court of the City of Los Angeles, had jurisdiction of the subject-matter of the action. This will involve a determination of the question of whether the action was one for the rescission of contracts and the recovery of money paid under them and within the equity jurisdiction of the superior court, or one at law for the recovery of $1250, paid by plaintiff and his assignors to defendants, and within the jurisdiction of the Municipal Court of Los Angeles. The judgment of dismissal was entered before the effective date of the recent amendment to section 89 of the Code of Civil

Procedure under which the municipal court would have had jurisdiction of the action in either event. (Stats. 1933, chap. 743.)

The complaint contains five separate causes of action which, for the purposes of this appeal, may be considered identical in their material allegations. We will confine ourselves to a summary of the allegations of the first cause of action. It is there alleged that Claude S. Eaton and Robert Lee Ford were partners doing business under the firm name of Eaton-Ford Oil Securities Company; that on or about October 20, 1930, defendants entered into an oral contract to sell to plaintiff and Mary Fairbairn, his wife and assignor, one-half of one per cent of all oil, gas and other hydrocarbon substances produced, saved and sold under an oil lease on certain described property, subject to a charge of $4 per month for maintenance and operating expenses; that plaintiff and his wife paid defendants $500 and received a written "royalty assignment" purporting to convey to them such interest in the petroleum and its products; that the royalty assignment was duly recorded in the official records of Los Angeles County; that the royalty assignment was a security within the meaning of that term as used in the Corporate Securities Act and was issued and sold without permission of the commissioner of corporations and contrary to the terms of a permit issued by him; that Eaton made various false and fraudulent representations which were believed and relied upon by plaintiff and his assignor and which induced them to purchase the royalty interest and pay defendants $500; that promptly upon learning of the fraud plaintiff offered to rescind the contract, and notified defendants in writing of such desire to rescind and demanded a return of the money paid them; that the offer and demand were refused; that plaintiff is willing to reassign the royalty assigned under the royalty assignment and "do and perform such other acts as may be required of plaintiff in order to place the said defendants and each of them *in status quo*". The prayer of the complaint asked for the following relief: A rescission of all of the contracts of sale and a decree requiring defendants to accept a return of the oil interests and royalty assignments; judgments for the various amounts paid defendants by plaintiff and his assignor, which total the sum of $1250 and accrued interest;

that the court restore the parties "to their respective positions of *status quo* by returning to the defendants all of the said pretended royalty assignments herein set forth and described and to require the defendants to pay to the plaintiff the consideration paid therefor . . . "

Respondents suggest there is a sharp conflict of authorities in California on the question presented by this appeal. Among others they cite *Jensen* v. *Harry H. Culver & Co.,* 127 Cal. App. (Supp.) 783 [15 Pac. (2d) 907], *Culver & Co.* v. *Superior Court,* 129 Cal. App. 589 [19 Pac. (2d) 43], and *Philpott* v. *Superior Court,* 1 Cal. (2d) 512 [36 Pac. (2d) 635, 95 A. L. R. 990], as supporting their position, and *Ingalls* v. *Superior Court,* 121 Cal. App. 453 [9 Pac. (2d) 266], *Fairview Farms* v. *Superior Court,* 123 Cal. App. 9 [10 Pac. (2d) 1011], and *Stone* v. *Superior Court,* 214 Cal. 272 [4 Pac. (2d) 777, 77 A. L. R. 743], as supporting the position of plaintiff. (Petitions for hearings by the Supreme Court were denied in the Ingalls and Fairview Farms cases.)

We have studied these and other cases and have examined the Supreme Court record in the Philpott case and can find no material and necessary conflict in the decisions. Their distinction lies in the relief sought. In the first three cases the plaintiffs simply sought recovery of the money out of which they had been defrauded. The courts deciding them were agreed that as no relief was sought other than money judgments the actions were at law and within the jurisdiction of the municipal courts. In the Ingalls and Fairview Farms Company cases the plaintiffs sought rescission of contracts on the grounds of fraud and deceit, sought decrees canceling and rescinding the contracts and judgments for a return of the money paid. It was held that the actions were for rescissions of contracts which invoked the aid of equity and that jurisdiction of the cases lay in the superior court and not in the municipal court.

The distinction we have just made is recognized in the case of *Jensen* v. *Harry H. Culver & Co., supra,* where it is said: "There can be no doubt that one having a right to rescind need not turn to the courts to have the rescission accomplished; he may effect it by his own action. (*Prewitt* v. *Sunnymead Orchard Co.,* [1922] 189 Cal. 723 [209 Pac. 995]; *McNeese* v. *McNeese,* [1923] 190 Cal. 402 [213 Pac.

36]; *Maxwell* v. *Jimeno,* [1928] 89 Cal. App. 612 [265 Pac. 885]; *Ito* v. *Watanabe,* [1931] 213 Cal. 487 [2 Pac. (2d) 799].) The reluctant response of him as to whom the contract was rescinded may require the help of a court to secure to him, who rescinded, the relief to which he has become entitled. This relief may be such that only a court of equity can furnish it. For examples, see *Mesenburg* v. *Dunn,* (1899) 125 Cal. 222 [57 Pac. 887], and *Rocha* v. *Rocha,* (1925) 197 Cal. 396 [240 Pac. 1010].''

In the instant case the plaintiff and his assignors received written assignments of fractional parts of the lessee's oil royalty. These assignments were recorded. If valid they conveyed an interest in real property to the assignees. (*Callahan* v. *Martin,* 3 Cal. (2d) 110 [43 Pac. (2d) 788].) It is obvious that a judgment for money only would not restore the parties to the positions they occupied before the assignments were executed as there would remain a cloud on the title to the leased property.

In the case of *Fairview Farms* v. *Superior Court, supra,* the precise question we are considering was before the court. In reaching the conclusion that the action was equitable and within the jurisdiction of the superior court it was said: ''Petitioners' position here is that rescission is complete upon the giving of notice, and that there then arises an obligation implied by law to return the money paid under the rescinded contract; that this implied obligation to return the money is enforceable in an action at law, as contradistinguished from equity. That the complaint in the action here involved states a cause of action for rescission and seeks equitable relief, there can be no question. The granting of a money judgment alone, without the cancellation of the outstanding contract, would have afforded plaintiff but an incomplete and inadequate remedy, under the circumstances.''

█ Defendants urge that as the complaint alleges that the royalty assignments were issued without the authority and contrary to the permit of the commissioner of corporations the entire transactions were void, rescissions could not be had, and the actions must be only for a return of the money paid. It is true that the complaint does contain such allegations in each count. We construe them as an erroneous attempt to commingle two separate causes of

action in a single count. No demurrer was interposed to reach this defect.

It has been held that defendants may not demur generally to part of a cause of action. (*Reed* v. *Drais,* 67 Cal. 491 [8 Pac. 20].) It has also been held that where a portion of a complaint states a cause of action a general demurrer should be overruled. (*Jones* v. *Iverson,* 131 Cal. 101 [63 Pac. 135].) The same should be true where the question of jurisdiction is raised by demurrer. We are of the opinion that as each count of the complaint pleads a cause of action for rescission which fell within the jurisdiction of the superior court at the time the judgment was rendered, that court was not divested of jurisdiction by the erroneous inclusion within each count of the complaint of allegations which might set up another cause of action which might or might not have been within the jurisdiction of that court. It is not necessary to decide this last question.

Amendments to pleadings should be allowed with great liberality so that justice may be done and a meritorious cause of action or defense be not defeated by the technicalities of the law. (*Burns* v. *Scooffy,* 98 Cal. 271 [33 Pac. 86].)

The judgment is reversed with instructions to the trial court to overrule the demurrer and permit plaintiff to amend his complaint and allow defendants time within which to plead to the amended pleading.

Barnard, P. J., and Jennings, J., concurred.

A petition by respondents to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on June 13, 1935.