[Civ. No. 6383.   Third Appellate District.—May 31, 1940.]

WILLIAM LaPLANTE, Guardian, etc., et al., Appellants, v. BERNARD M. IBBETSON et al., Respondents.

John H. Gordon for Appellants.

Paul A. Tschirgi and Walter O. Schell for Respondents.

TUTTLE, J.—This action was brought to cancel two promissory notes, and to compel the execution of a reconveyance of a deed of trust given as security for the payment of one of said notes.   The note so secured was executed by plaintiff William LaPlante, as guardian of the Estate of William LaPlante, Jr.   That note was found to be valid.   The other note was found to be void.   Findings and judgment were entered accordingly.   Plaintiffs now appeal from the entire judgment, but in fact the appeal is only from that portion of the judgment which finds the secured note valid.

█ This appeal is prosecuted on the judgment roll alone. "The rule is well settled that an appellate court, in the absence of a bill of exceptions, statement or substitute therefor, will not consider the evidence adduced at the trial. (2 Cal. Jur., sec. 262, p. 525; supporting the text; *Maxwell* v. *Jimeno,* 89 Cal. App. 612 [265 Pac. 885].) In *Marr* v. *Southern California Gas Co.,* 198 Cal. 278–282 [245 Pac. 178], it is said, in referring to a record such as we have here: "We are therefore confined to a consideration of alleged errors appearing on the face of the judgment roll."

█ The first cause of action in the complaint is one to cancel a promissory note, secured by a trust deed, and executed by plaintiff LaPlante as guardian. The sole ground for cancellation is that there was no valid or legal consideration for said note. The second cause of action is for the cancellation of an unsecured note executed by plaintiff LaPlante. The judgment went for plaintiff on this issue; hence, it is not involved on this appeal. The third cause of action is for an injunction, restraining defendants from assigning said notes, or taking any action in respect thereto.

The trial court found that there was a consideration for the note attacked in the first cause of action, in the following words:

"That it is true that the consideration for said note and deed of trust was the release by the defendants Bernard M. Ibbetson and Alma Picou Ibbetson and a reconveyance by the trustee Gerald F. H. Delamer of a prior deed of trust, in which Mary Louise Tepoorten was the trustor, and Gerald F. H. Delamer was the trustee, and Bernard M. Ibbetson and Alma Picou Ibbetson were beneficiaries. That said note and deed of trust sued upon in the present action were approved by the Home Owners' Loan Corporation previous to being placed upon the said described property."

An examination of the points urged for a reversal clearly indicates that they all involve a consideration of the evidence adduced at the trial. A statement of certain facts not appearing in the findings is made, but as such facts are not before us, we cannot consider them. Some of them are controverted by respondent. With no record before us, it is obvious we can do nothing about it. To illustrate, it is contended that the trust deed which secured such note was executed in connection with financing under the Home Own-

ers' Loan Act, and that defendants took bonds and money for the release of their prior lien. This is denied by respondents. No finding is made upon such facts.

We find no errors appearing on the face of the judgment roll, and accordingly the judgment is affirmed.

Thompson, J., and Pullen, P. J., concurred.