H. J. LELAND et al., Respondents, v. CATHERINE L. CRADDOCK et al., Appellants.

John C. Miles for Appellants.

William E. Fox for Respondents.

BARTLETT, J. pro tem.—Plaintiffs brought an action to have a contract declared terminated and no longer of any force and effect.   The defendant Catherine L. Craddock filed a cross-complaint seeking specific performance of the same agreement.   From a judgment in favor of plaintiffs, the defendant Craddock appeals.

The plaintiffs were owners in common of real estate in Pasadena.   On May 8, 1945, they agreed to convey the prop-

erty to the defendant Catherine L. Craddock. This agreement was contained in and constituted, among other things, the escrow instructions given to the defendant Escrow and Loan Service Company.

The purchase price of the property was $15,000. The purchaser was to assume an unpaid balance on the property of $7,352.10, and to pay before the close of escrow $7,649.90. The escrow agreement contained the following instructions to the defendant, Escrow and Loan Service Company:

"If you are unable to comply with these instructions on or prior to June 8, 1945, you will comply as soon thereafter as possible unless written demand for the return of the money or instruments by a party to this escrow is received by you SUBSEQUENT to such date and prior to the recording of any instruments provided for herein."

On May 8, 1945, the defendant Mrs. Craddock deposited in the escrow $1,000 with the instruction to pay $500 of this sum to the plaintiff John S. Crowl, and deduct the amount from his settlement check.

On May 28, 1945, the defendant Mrs. Craddock delivered to the defendant Escrow and Loan Service Company the following instructions:

"You are hereby authorized and instructed to cancel the above escrow returning any instruments submitted to the escrow and return the balance of the money in escrow to the Leland Realty Co., after deducting your escrow charges and the cancellation charges made by the Title Insurance & Trust Company."

Two of the plaintiffs, Mr. and Mrs. Leland, signed these instructions, but the plaintiffs Mr. and Mrs. Crowl did not.

On September 12, 1945, Mrs. Craddock, by her attorney, Roland Maxwell, wrote the following letter:

"September 12, 1945

"Escrow Loan & Service Company
 110 South Lake Avenue
 Pasadena 5, California
 Re: Escrow No. 2-0107

Gentlemen:

I represent Mrs. Catherine L. Craddock who some months ago deposited the sum of $1,000.00 in the above escrow. This letter is written for the purpose of demanding the immediate return of this deposit.

The facts related to me indicate that the signing of this escrow agreement was induced by misrepresentation, and that the rescission of the escrow agreement of which you are hereby notified, is therefore justified.

Unless this demand is complied with within one week of the above date, appropriate legal action will be taken without further notice to you.

Very truly yours,

ROLAND MAXWELL.

CC—Messrs: John S. Crowl
H. J. Leland.''

Thereafter, on October 8, 1945, the defendant Mrs. Craddock, notified the escrow company to hold in escrow the balance of the funds that were previously directed to be paid to the Leland Realty Company, and on November 9, 1945, filed an amended instruction as follows:

''You are authorized to nullify all previous instructions with regard to the cancellation of the above escrow. It is now intended that it will be completed as originally set out.''

Nothing in the record shows any acceptance by any plaintiffs of the defendant's attempt to reinstate the escrow.

Plaintiffs' original complaint was upon the theory that the defendant Craddock's attempted cancellation of the escrow on May 28, 1945, in fact did cancel the escrow. The trial court held adversely to this contention for the reason that two of the plaintiffs, Mr. and Mrs. Crowl, did not consent. The correctness of this decision is not questioned here. The plaintiff was then given leave to amend his complaint to set up the instructions of the defendant given by her attorney Roland Maxwell in his letter of September 12, 1945.

Only two witnesses testified: the defendant Mrs. Craddock called by the plaintiff under the provisions of section 2055 of the Code of Civil Procedure, and her attorney Roland Maxwell. At the conclusion of their testimony, the court held that the contract was cancelled by the Maxwell letter of September 12, 1945, and from and after that date it was of no force and effect.

The only question before this court on appeal is this: Was the trial court correct in its ruling that the defendant, by her letter of September 12, 1945, cancelled the contract evidenced by° the escrow agreement, and consequently that after that date it was of no further force and effect? The appellant claims that this ruling was erroneous and contends

that the letter of September 12, 1945, could not constitute anything more than an offer to cancel and if not accepted within a reasonable time could be withdrawn and that it follows that the respondents having failed to accept the offer prior to the time she attempted to withdraw it on November 9, 1945, cannot now avail themselves of it. The only authority for this proposition which they cite is the following quotation from *Brown* v. *Roberts,* 121 Cal.App. 654 [9 P.2d 517], from page 659:

"Two further contentions are made by appellants. It is argued that as they had rescinded before this action was filed 'there was no contract in existence which could be the foundation or basis of this action for specific performance.' It is sufficient answer to state that the trial court found against appellants on the facts upon which they claimed the right to rescind and further found that the attempted rescission was made in bad faith. *Of course, a mere notice purporting to rescind an agreement cannot have that effect unless the party giving such notice is entitled to rescind."* (Italics are appellant's.)

That is a correct statement of the law. Here there can be no question as to whether or not the attempted rescission was made in bad faith as the appellant herself is the one who rescinded. Therefore, we see the only question left is, was the appellant entitled to rescind? If she was, the court's ruling was correct.

Only one conclusion can be drawn from the contract of the parties and that is that on September 12, 1945, appellant was a person entitled to rescind and cancel the escrow. The contract required the acceptance on the part of all parties to cancel this escrow prior to June 8, 1945. Appellant tried to cancel the escrow prior to that date, but, as two of the parties had failed to accept, the court held correctly that there had not been a compliance with the provisions of Civil Code, section 1689, subdivision 5, and that the escrow continued to be in force. The contract provided that after June 8, 1945, any party to the escrow could cancel it by written demand for return of the money or instructions. As all the parties signed the original instructions, all had agreed to a cancellation in the manner adopted by the appellant, and the provisions of section 1689, subdivision 5, were then fully satisfied.

Appellant makes the assertion that rescission by one party cannot constitute an abandonment of a contract unless

it is ultimately established by a judicial decree that the party rescinding had a right to do so. Such is not the law in California. The true rule is stated in *Philpott* v. *Superior Court,* 1 Cal.2d 512 [36 P.2d 635, 95 A.L.R. 990] at page 524: ''The rule that it is not necessary to ask the aid of a court of equity to effect the rescission where the rescinding party has followed the statutory procedure, finds abundant support in California decisions.

''In this connection we approve the opinion of Judge Bishop in the case of *Jensen* v. *Harry H. Culver & Co.,* 127 Cal.App. (Supp.) 783, 785, 786 [15 P.2d 907], where many of the authorities are cited as follows: 'There can be no doubt that one having a right to rescind need not turn to the courts to have the rescission accomplished; he may effect it by his own action. (*Prewitt* v. *Sunnymead Orchard Co.* (1922), 189 Cal. 723 [209 P. 995], *McNeese* v. *McNeese* (1923), 190 Cal. 402 [213 P. 36], *Maxwell* v. *Jimeno* (1928), 89 Cal.App. 612 [265 P. 885], and *Ito* v. *Watanabe* (1931), 213 Cal. 487 [2 P.2d 799].)''

To the same effect are *Fairbairn* v. *Eaton,* 6 Cal.App.2d 264, 267 [43 P.2d 1113]; *McCall* v. *Superior Court,* 1 Cal.2d 527, 536 [36 P.2d 642, 95 A.L.R. 1019]; *Bennett* v. *Superior Court,* 218 Cal. 153, 162 [21 P.2d 946].

Appellant complains that she was not permitted to introduce any evidence to support the allegations of her answer or cross-complaint. At the trial of the action no such testimony was offered. As to why it was not offered is apparent. The cross-complaint was one for specific performance of the very contract which the court had held was cancelled by appellant on September 12, 1945. The trial court correctly took the attitude that, in view of his ruling as to the cancellation of the contract, nothing else pleaded was germane to the case.

The judgment is affirmed.

Doran, Acting P. J., and White, J., concurred.

A petition for a rehearing was denied January 14, 1948, and appellants' petition for a hearing by the Supreme Court was denied February 19, 1948.