**Robert HARRISON, Plaintiff,**

v.

**CONNECTICUT MUTUAL LIFE INSURANCE COMPANY, a Licensed California Insurer, et al., Defendants.**

No. C–91–1378 EFL.

United States District Court,
N.D. California.

Sept. 5, 1991.

Alice Philipson, Berkeley, Cal., for plaintiff.

Cynthia Becker, Seyfarth, Shaw, Fairweather & Geraldson, San Francisco, Cal., for defendants.

## ORDER

LYNCH, District Judge.

### I. SUMMARY

This case raises the issue of whether an insurance policy may be effectively rescinded if the insurer takes the requisite steps under Cal.Civ.Code section 1691, governing the requirements for effecting rescission of a contract, where the insurance policy contains an "incontestability clause." However, because the parties failed to stipulate whether the contested rescission took place during the contestability period or after its expiration, and it is not clear whether that fact is disputed, the Court may only decide certain of the issues.

### II. BACKGROUND

The parties do not dispute that on October 14, 1988, Connecticut Mutual Life Insurance Company ("Connecticut Mutual"), the defendant, issued a disability policy to Robert Harrison, the plaintiff. The policy contains a provision, colloquially known as an "incontestability clause," that provides, in pertinent part:

> *Contesting Your Policy.* We [Connecticut Mutual] may not contest this policy after it has been in force for 2 years during your lifetime. This excludes any period of disability related to a misrepresentation in your application.

If no time was excluded for "any period of disability related to a misrepresentation," the policy would have become incontestable on October 14, 1990.

The parties also do not dispute that plaintiff became totally disabled with Acquired Immune Deficiency Syndrome on September 1, 1990. Plaintiff asserts that he filed a claim for disability benefits under the policy on or about November 8, 1990, but defendant claims that it was not received by the insurer until early December of 1990. On March 14, 1991, defendant sent a letter of rescission and tendered a check for all premiums paid to the plaintiff.

Plaintiff filed the instant lawsuit on April 5, 1991. Defendant has filed an answer and affirmative defenses, one of the latter

being "rescission." The main issue argued by the parties at summary judgment was whether defendant's letter of rescission and tender of premiums constituted a legally-effective rescission of the disability policy.

## III. DISCUSSION

Plaintiff seeks summary adjudication of a cause of action for breach of contract due to defendant's alleged failure to pay disability benefits under the contract after plaintiff's benefit claims were filed. Plaintiff's basis is that "the insurance policy at issue *is and has been incontestable as a matter of law.*" (Emphasis added.) Plaintiff's argument that the policy is incontestable appears to have three bases: (1) the disputed rescission of March, 1991 was not a "contest" within the meaning of the incontestability clause, and therefore was ineffective; (2) California Insurance Code section 650 precludes defendant from attempting to rescind now that plaintiff has commenced an action on the insurance policy; and (3) while defendant plead rescission as a defense to the action, it did not plead fraud or misrepresentation, and thus defendant is barred from pleading any of those defenses and cannot defeat the breach of contract claims.

One threshold issue which was submerged beneath the issue of rescission was whether the contestability period expired in October 1990, before the attempted rescission, or whether it was tolled by a disability related to misrepresentations in the application, in September 1990, and therefore has not yet expired.

■ It would appear clear that if the attempted rescission took place after the expiration of the contestability period, it was ineffective. "The word 'incontestable,' as used in policies providing that they shall become incontestable, means indisputable, and amounts to a guaranty that no objection shall be taken to defeat the policy...." Couch, *Couch on Insurance 2d* (Rev. ed., 1983) § 72:1. Once a policy becomes incontestable, an insurer cannot contest the validity of a policy even by bringing suit in a court of law. It is the Court's view that, *a fortiori,* the insurer would be barred from unilateral rescission of the insurance contract pursuant to California Civil Code section 1691.

■ Alternatively, it seems clear that if the attempted rescission occurred prior to the expiration of the contestability period, i.e., if the contestability period has not expired because plaintiff's disability as of September 1, 1990 relates to misrepresentation in the application, then the attempted rescission of the policy was effective pursuant to the pertinent case law and Cal.Civ. Code section 1691. Even assuming a letter of rescission and tender of premiums is not a "contest" under California law, it may nevertheless rescind and void the policy under California statutory law.

■ Several decisions, from the State of California and the Northern District of California, support the proposition that the incontestability provision does not operate in derogation of an insurer's right to rescind. In *Meyer v. Johnson,* the California Court of Appeals stated, *"In the absence of clear and unambiguous rescission,* it has been held that when a policy contains an incontestable clause, the insurer must take legal action to cancel such a policy within the prescribed period in order to effect a rescission or cancellation." *Meyer v. Johnson,* 7 Cal.App.2d 604, 615, 46 P.2d 822 (1935). This statement suggests that the view of the California courts is that an incontestability clause requires one to take legal action to cancel a policy *unless* one clearly, unambiguously rescinds. In order to determine whether one has clearly rescinded, one must determine if the requirements of section 1691, which govern how to effect rescission, have been met: (1) prompt notice of rescission; and (2) restoration of value received, or offer thereof.

Similarly, in *Ashley v. American Mutual Liability Insurance Co.,* 167 F.Supp. 125 (N.D.Cal.1958), a decision from the Northern District of California interpreting California law, the court stated:

[A] failure to disclose conditions materially affecting the risk of which the insured is aware makes the contract voida-

ble at the option of the insurer. Where there is either concealment or false representation of a material fact, *a proper remedy of the insurer is rescission which is accomplished by the return of premiums paid and the giving of notice to the insured.* If a policy is thus void or voidable, there can be no recovery thereunder ... since defendant [insurance company] has complied with the requirements of notice and tender of premiums paid.

*Id.* at 128. Likewise, *Mt. Hawley Ins. v. Federal Sav. & Loan Ins. Corp.*, 695 F.Supp. 469 (C.D.Cal.1987), the most recent federal district court case interpreting California law with relevance to this issue, stated:

Defendants argue that [the insurer] cannot now rescind the policy because it did not give the insureds timely notice. .... California Civil Code § 1689 allows a contract to be rescinded by a party where the party's consent thereto was obtained through fraud or mistake. To rescind a contract, the party must promptly, upon learning the facts entitling it to rescind, notify the other parties of the intent to rescind and return or offer to return everything of value received under the contract. *See* [California Civil Code] at § 1691. The California Insurance Code further provides that an insurer may rescind a contract of insurance if the insured conceals material information, Cal. Ins. Code § 331, or makes material misrepresentations, *see id.* at § 359.

*Id.* at 477. Therefore, *Mt. Hawley* indicates quite strongly that section 1691 of the Civil Code should be taken together with the Insurance Code as permitting an insurer to rescind, by notification and tender of premium, for material misrepresentations.

Moreover, California courts have clearly indicated that the California Insurance Code sections pertaining to rescission should be read in harmony with the Civil Code sections on rescission of contract, section 1689 *et seq.*, which includes section 1691 governing how unilateral rescission is effected. *Federal Life Ins. Co. v. Cary*, 20 Cal.App.2d 257, 261, 67 P.2d 129 (1937);

*Cole v. Calaway,* 140 Cal.App.2d 340, 348, 295 P.2d 84 (1956). The Insurance Code provisions pertaining to insurance contracts must be "superimposed upon" and read with the California Code governing contracts. *De Campos v. State Comp. Ins. Fund,* 122 Cal.App.2d 519, 529, 265 P.2d 617 (1954).

Where the procedural prerequisites of section 1691 are met, and there is a valid substantive ground for rescission, unilateral rescission occurs. It is not necessary to follow with a lawsuit in order to effectuate the rescission. *Ito v. Watanabe,* 213 Cal. 487, 488, 2 P.2d 799 (1931) (citing to section 1691); *Leland v. Craddock,* 83 Cal.App.2d 84, 88, 187 P.2d 803 (1947).

■ Based upon the foregoing, the Court finds that if the contestability period had not expired as of March 14, 1991, and there was a valid statutory ground for rescission under the Insurance Code, such as concealment or misrepresentation, rescission was effected by the notification and tender of premiums by the defendant.

If the insurance policy was thereby voided, plaintiff cannot now raise the contestability provision in any form as a bar to defendant's assertion of rescission, based on fraud, as a defense. A determination of whether the rescission was valid, as a defense to plaintiff's suit, naturally imports the issue of whether the misrepresentations alleged are true and provided a legitimate substantive ground for the rescission.

■ As a result, a threshold issue to the question of whether the attempted rescission was effective is whether the contestability period had not expired because of a relationship between plaintiff's disability and alleged misrepresentation in his insurance application.

The burden rests upon defendant to submit sworn affidavits or declarations sufficient to create an issue of fact as to whether plaintiff's AIDS related to misrepresentations in his application, and therefore whether the contestability period had not expired before the attempted rescission.

Defendant did not submit such affidavits in opposition to plaintiff's motion, as a more cautious advocate surely would have, but only in support of its counter-motion for summary judgment. Plaintiff refused to respond to this counter-motion on the ground that it was untimely.

The substantive merits of the instant lawsuit should not be obscured by the fact that defendant incautiously filed the Bitzer affidavit alleging misrepresentation only with its counter-motion, not its opposition. Therefore, the Court shall provide plaintiff with 30 days in which to respond to the affidavits and declarations in support of defendant's counter-motion for summary judgment to determine whether there is a genuine issue of material fact with respect to whether the contestability period had expired by March 14, 1991, or whether it was effectively tolled by a disability related to misrepresentations.

If there is a genuine issue of material fact, the Court contemplates a trial to resolve the issue and thereby provide a basis to determine whether defendant's attempted rescission was effective.[1]

In conclusion, it is hereby ORDERED that plaintiff is granted thirty (30) days in which to respond to defendant's sworn affidavits and declarations, by objections, or by affidavits and declarations of their own, relevant to the issue of whether plaintiff's disability was related to misrepresentations in his insurance application.

In the alternative, should the parties so stipulate, the Court shall permit them to withdraw their summary judgment motion and counter-motion and file new motions addressing the following two issues and providing sworn affidavits and declarations in support thereof:

(1) whether the contestability period had expired as of March 14, 1991; and

(2) whether, in light of the answer to question one, defendant's attempted rescission was effective.

IT IS SO ORDERED.

---

1. A trial on the issue of whether the contestability period was tolled by a disability related to misrepresentations would put the insurance company to proof of misrepresentation or concealment, grounds for rescission under the Insurance Code. Such a trial, therefore, may well resolve the case.