[Civ. No. 9824. First Appellate District, Division Two.—November 7, 1935.]

LEOPOLD BLUMEN, Appellant, v. HERBERT E. CLAY-BURGH et al., Respondents.

Russell P. Tyler for Appellant.

Thomas E. Davis for Respondents.

NOURSE, P. J.—Plaintiff sued for damages for fraud arising from the sale of securities held under a pledge. The defendants' demurrer to the complaint was sustained with leave to amend but plaintiff declined to amend and judgment was entered for the defendants.

█ There is one debatable question involved in the appeal not stated by either party but nevertheless determinative and that is whether the complaint sufficiently pleads the times and circumstances under which the facts constituting the fraud were brought to plaintiff's knowledge so that the court could determine whether the complaint was filed within the period covered by the statute of limitations.

The complaint alleges that plaintiff incurred an obligation with certain defendants engaged as stockbrokers in the city and county of San Francisco through the purchase of stocks on margin, and to secure his indebtedness deposited with the brokers certain securities; that when the indebtedness amounted to about $3,500 the brokers sold the securities for approximately $5,800, satisfied the indebtedness and paid the balance over to the defendant Fidelity and Deposit Company; that this sale was consummated on March 25, 1926, at a time when the plaintiff was a fugitive from justice, having been indicted by the San Francisco grand jury for grand theft on February 18, 1926; that on May 1, 1926, plaintiff was located in London, England, arrested, and returned to San Francisco to stand trial under this indictment; that the plaintiff arrived in San Francisco on August 11, 1926, and remained in the county jail of that county from said date until April 29, 1927, when he was removed to the state penitentiary at San Quentin pursuant to sentence following a conviction on March 12, 1927, on that indictment; that he remained in the state penitentiary from April 29, 1927, until June 19, 1933, at which time he was released on parole. The complaint in this action was filed March 22, 1934. The foregoing facts and no more are relied on to support the bald allegation that the alleged fraud was "not known or discovered by the said plaintiff until the month of May, 1927". At this point it should be noted that plaintiff was delivered to the state penitentiary on April 29th and that the alleged discovery in "the month of May" might have occurred two days after his delivery; hence his discovery during the first days of his

incarceration was a most fortuitous circumstance for him because, his action accruing at that date, he could claim a suspension of the statute of limitations during the full six years of his incarceration under the provisions of section 352 of the Code of Civil Procedure.

With these facts before us it is necessary for us to determine not whether the complaint states a cause of action in fraud but whether it sufficiently pleads "the times and the circumstances under which the facts constituting the fraud were brought to his knowledge, so that the court may determine whether the discovery of these facts was within the time alleged; . . . " (*Lady Washington C. Co.* v. *Wood,* 113 Cal. 482, 487 [45 Pac. 809, 810] ). To amplify we might assume that the complaint states a good cause of action, but this is not enough; the duty rests first upon the trial court to determine whether the alleged discovery was within the time alleged, and the determination of the trial court on that question is controlling upon us unless the facts alleged are such as will show a manifest abuse of discretion.

In a case closely allied the Supreme Court, in *Consolidated R. & P. Co.* v. *Scarborough,* 216 Cal. 698, 703 [16 Pac. (2d) 268], emphasized the necessity of pleading the facts and circumstances surrounding the discovery of the fraud complained of "in order that the trial court might readily determine whether or not the facts and circumstances leading to the discovery of the fraud existed for more than three years prior to the commencement of suit". Numerous cases are there cited in support of the rule and the Supreme Court further emphasized, on the authority of *Wood* v. *Carpenter,* 101 U. S. 135, 140 [25 L. Ed. 807], and the California cases theretofore cited, that the means of knowledge are the equivalent of knowledge. Quoting from *Bancroft* v. *Woodward,* 183 Cal. 99, 108 [190 Pac. 445], "where a party has knowledge of facts of a character which would reasonably put him upon inquiry, and such inquiry, if pursued, would have led to a discovery of the fraud or other ground for rescission, he will be charged with having discovered the fraud or other ground as of the time he should have discovered it, that is, as of the time when he would have discovered it if he had with reasonable diligence pursued the inquiry when he should have done so".

In the instant case the allegations to the effect that plaintiff did not discover the alleged fraud until immediately after he had been confined in the state penitentiary is insufficient under the rule of the authorities cited. No facts nor circumstances leading to the alleged discovery at that time are pleaded. Furthermore, it must have been in the mind of the trial judge that since the plaintiff was confined in the county jail in San Francisco for approximately a year before being sent to the state penitentiary he should have pleaded some reason why he did not discover the alleged fraud which he claimed was committed in that county where all the defendants had their respective places of business. The plaintiff had been indicted for grand theft which was a bailable offense and it is beyond comprehension that he would not have sought bail and for that purpose have made some inquiries about the securities which he alleges had been deposited with the defendants. Unlike many of the authorities herein cited where a demurrer was sustained without leave to amend, the plaintiff was granted such leave herein for the purpose of pleading these facts and circumstances but he declined to amend. We find no error in the judgment.

Judgment affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on January 6, 1936.