[Civ. No. 10312. First Appellate District, Division Two.—April 7, 1937.]

FEDERAL LIFE INSURANCE COMPANY (a Corporation), Appellant, v. NATHANIEL AUSTIN CARY, Respondent.

Hadsell, Sweet, Ingalls & Lamb for Appellant.

Donahue, Hynes & Hamlin for Respondent.

NOURSE, P. J.—On March 17, 1936, plaintiff commenced this action to rescind four noncancellable health insurance policies issued August 20, 1925. A demurrer both general and special was sustained with leave to amend. The plaintiff declined to amend, and the defendant had judgment.

On this appeal from the judgment the respondent rests upon two grounds—that the admitted fraud and misrepresentations in the application for the insurance was waived by plaintiff, and that its cause of action is barred by the statute of limitations. If either ground is good, the judgment must be sustained.

The four applications for the insurance were all made in the month of July, 1925. The plaintiff was an insurance corporation having its principal place of business in Chicago, Illinois; the defendant was a physician and surgeon practicing his profession in Oakland, California. In each application he represented that he was not then suffering and had not since the year 1921 suffered any illness, particularly bronchial asthma. These representations were admittedly false, and are conceded to have been material. At the same time, however, it was represented that he was then receiving a permanent disability from the federal government for services in the world war ''on account of a bronchial asthma secondary to a frontal sinus infection''. It is alleged that on February 11, 1935, the defendant filed a claim with the plaintiff for disability under said policies due to bronchial asthma. Thereafter, the plaintiff made investigation of the records of the Veterans' Bureau and learned for the first time that defendant had suffered severe attacks of bronchial asthma in January, 1923, July, 1923, and October, 1924. Plaintiff thereupon gave notice of rescission.

On the issue of waiver, the respondent cites and relies upon *Farrar* v. *Policy Holders Life Ins. Assn.*, 3 Cal. App. (2d) 87 [39 Pac. (2d) 229]. That was a case where the applicant for insurance had falsely represented his physical condition, but had at the same time notified the insurer that he was drawing a disability pension from the federal government as a veteran of the Spanish-American war. The insurer

made no investigation and, in an action brought by the widow of the insured, the appellate court reversed a judgment in favor of the insurance company. In doing so it approved the accepted rule that: ''an insurance company waives or is estopped to assert a violation of the terms of an insurance contract if the company, on being notified of the violation, remains silent and fails to object or to declare a forfeiture, or cancel or rescind the contract within a reasonable time''. In the same connection the court also said: ''The law imposes upon the insured the duty of dealing honestly with the insurer. It is equally emphatic in requiring like honesty on the part of the insurer in its dealings with the insured and the beneficiary. Dishonesty on the part of either is frowned upon and appropriate penalties provided.'' One of the penalties provided as against the insurer is that he is bound unless he acts promptly or within a reasonable time after he learns of the fraud or has had the means of knowledge. The complaint here alleges that the insurer was given the information in 1925 that the insured was drawing a permanent disability pension for bronchial asthma. Inquiry at that time would have disclosed all that the insurer learned by its inquiry in 1935. It may be that when the policies were issued the insurer did not deem these facts of sufficient importance to avoid writing the policies. It may be that, as intimated in the Farrar case, the silence of the insurer was part of a plan to lull the possible fears of the insured while saving its defenses to an action on the policy. Whatever the reasons prompting the failure of the insurer to act at that time, it may not be denied that the respondent took advantage of his position as a physician and surgeon and deliberately and falsely misrepresented his physical condition. At the same time the appellant was also culpable in permitting the policy to remain in force after it had the information which would have disclosed that the insured's physical condition was not what it had been represented to be. For these reasons we do not choose to add to the decisions excusing the fraud of an applicant in cases of this kind, and will rest our judgment on the second point raised—that the action is barred by the statute of limitations.

The rule is general that where a party seeks relief from a fraud committed more than three years before his action is commenced the complaint must allege ''the times

and the circumstances under which the facts constituting the fraud were brought to his knowledge so that the court may determine whether the discovery of these facts was within the time alleged.'' (*Lady Washington C. Co.* v. *Wood,* 113 Cal. 482, 487 [45 Pac. 809] ; Code Civ. Proc., sec. 338, subd. 4.) In *Blumen* v. *Clayburgh,* 10 Cal. App. (2d) 63, 65, [51 Pac. (2d) 102], a case in which the same question arose on a demurrer to the complaint, we said: ''In a case closely allied the Supreme Court, in *Consolidated R. & P. Co.* v. *Scarborough,* 216 Cal. 698, 703 [16 Pac. (2d) 268], emphasized the necessity of pleading the facts and circumstances surrounding the discovery of the fraud complained of 'in order that the trial court might readily determine whether or not the facts and circumstances leading to the discovery of the fraud existed for more than three years prior to the commencement of suit'. Numerous cases are there cited in support of the rule and the Supreme Court further emphasized, on the authority of *Wood* v. *Carpenter,* 101 U. S. 135, 140 [25 L. Ed. 807], and the California cases theretofore cited, that the means of knowledge are the equivalent of knowledge. Quoting from *Bancroft* v. *Woodward,* 183 Cal. 99, 108 [190 Pac. 445], 'where a party has knowledge of facts of a character which would reasonably put him upon inquiry, and such inquiry, if pursued, would have led to a discovery of the fraud or other ground for rescission, he will be charged with having discovered the fraud or other ground as of the time he should have discovered it, that is, as of the time when he would have discovered it if he had with reasonable diligence pursued the inquiry when he should have done so'. ''

Since the complaint here alleges that the fraud was discovered through an investigation of the records of the Veterans' Bureau in the year 1935, it is entirely conceivable that a similar investigation undertaken prior to the running of the statute might have likewise disclosed the fraud. There are no allegations showing why such investigation was not made at an earlier date or why it would not have disclosed the fraud prior to the running of the statute of limitations if made earlier. It does allege facts which show affirmatively that the appellant had the means of knowledge, that it had knowledge of facts of a character which would reasonably have put it upon inquiry, and that such inquiry if pursued would have led to a discovery of the fraud well within the

statutory period. It was the function of the trial court to determine as a matter of law whether the facts and circumstances leading to the discovery of the fraud existed more than three years prior to the commencement of the action, and having determined that they did so exist, the demurrer was properly sustained.

■ Appellant argues that the general statute of limitations (sec. 338, subd. 4, Code Civ. Proc.) and the code sections relating to rescission (secs. 1689 et seq., Civ. Code) do not apply because section 650 of the Insurance Code (Deering's General Laws, Act No. 3748) permits an insurer to rescind ''at any time previous to the commencement of an action on the contract''. We read these sections together so that the latter should be interpreted as meaning that the insurer may rescind at any time within the statutory period providing no action has been commenced upon the policy. Section 650 is really a limitation on the right to rescind, rather than an extension of it.

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 7, 1937, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 27, 1937.