977 F.2d 589
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert HARRISON, Plaintiff-Appellant,
v.
CONNECTICUT MUTUAL LIFE INSURANCE COMPANY, a licensed
California Insurer, Defendant-Appellee.
 No. 91-16649.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 5, 1992.
Decided Oct. 8, 1992.
 
 Before FEINBERG*, GOODWIN and SCHROEDER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Plaintiff Robert Harrison appeals the grant of summary judgment to defendant Connecticut Mutual Life Insurance Company ("Connecticut") in this diversity action seeking enforcement of a disability insurance policy. We affirm.
 
 I.
 
 3
 This case comes before us on stipulated facts. On October 14, 1988, Harrison applied for disability insurance from Connecticut. The application reflected no significant adverse medical history. After a standard investigation, a policy was issued. The policy contained the following incontestability provision:
 
 
 4
 Contesting your policy. We may not contest this policy after it has been in force for 2 years during your lifetime. This excludes any period of disability related to a misrepresentation in your application. We won't use any misstatements in your application to deny a claim for benefits if your disability begins after a like 2 year period.
 
 
 5
 Such an incontestability clause is statutorily mandated by the California Insurance Code. See Cal.Ins.Code § 10350.2.
 
 
 6
 On November 8, 1990, Harrison filed a claim alleging that he had become totally disabled by Acquired Immune Deficiency Syndrome ("Aids") as of September 1, 1990. An investigation by Connecticut revealed that Harrison had Aids-related symptoms for which he was receiving medical treatment as early as April 1988, seven months before he applied for disability insurance. Harrison has stipulated to the fact that his application contained material misrepresentations and that such misrepresentations justify rescission of the policy.
 
 
 7
 On May 14, 1991, Connecticut sent Harrison a letter rescinding the policy and refunding all of the premiums paid. Three weeks later, Harrison filed the present action in state court seeking to enforce the policy. Connecticut removed the case to federal court where, on cross motions for summary judgment, the district court granted judgment to Connecticut. The court held that the May 14, 1991 letter constituted a valid rescission of the contract.
 
 II.
 
 8
 On appeal, Harrison argues that a letter of rescission is ineffectual because it is not a "contest" within the meaning of the policy's incontestability clause or section 10350.2 of the Insurance Code. This argument is not persuasive. Harrison cites no language, either in the contract or in the Insurance Code, that specifically deprives or restricts Connecticut's right of rescission. The incontestability clause in the policy and section 10350.2 of the Insurance Code address the conditions under which an insurer may no longer contest a claim, including the unilateral right of recision. These provisions, however, do not define or restrict rights while the policy is still contestable. By the parties' stipulation, the March 14, 1991 letter was sent within the policy's contestable period.
 
 
 9
 The Insurance Code contemplates insurance companies having the right to rescind a contract upon the discovery of fraud or misrepresentations. See Cal.Ins.Code §§ 338, 359. Even section 650 of the Insurance Code, which restricts the right of rescission to the period before "the commencement of an action on the contract," contemplates the existence of such a right. See Cal.Ins.Code § 650.[1] Courts have consistently recognized the right of insurers to rescind contracts upon the provision of proper notice. See Meyer v. Johnson, 7 Cal.App.2d 604, 615, 46 P.2d 822 (1935); Mt. Hawley Ins. Co. v. Federal Sav. & Loan Ins. Corp., 695 F.Supp. 469, 477 (N.D.Cal.1987); Ashley v. American Mutual Liability Ins. Co., 167 F.Supp. 125, 128 (N.D.Cal.1958).
 
 
 10
 California Civil Code section 1691 outlines the general procedure by which a party may rescind a contract. If a party, "promptly upon discovering the facts which entitle him to rescind," gives notice and offers to "[r]estore to the other party everything of value which he has received from him under the contract," then the contract is rescinded. See Cal.Civ.Code § 1691. Under such circumstances, an insured may contest the rescission by challenging the premise underlying the exercise of the right, i.e. the existence of a material misrepresentation, but Harrison has stipulated to this fact.
 
 
 11
 Harrison argues that § 1691 is a general Civil Code provision that must yield to the specific civil code governing insurance contracts. Specific provisions, however, do not trump general provision absent some conflict. California courts have not interpreted the Insurance Code in a way that eclipses the insurer's right to rescind. "We read these sections [Civil Code section 1691 and Insurance Code section 650] together so that the later should be interpreted as meaning that the insurer may rescind at any time within the statutory period providing no action has been commenced upon the policy." Federal Life Ins. Co. v. Cary, 20 Cal.App.2d 257, 261, 67 P.2d 129 (1937). Similarly, the court stated in Cole v. Calaway that there was not "any inconsistency between section 1691 of the Civil Code and section 650 of the Insurance Code." 140 Cal.App.2d 340, 347-48, 295 P.2d 84 (1956). "Taken together, Civil Code § 1691 and Insurance Code § 650 have been held to permit an insurer to rescind a contract of insurance at any time within the period permitted by Civil Code § 1691 provided no action has yet been brought on the contract." Mt. Hawley, 695 F.Supp. at 477. See also De Campos v. State Comp. Ins. Fund, 122 Cal.App.2d 519, 529, 265 P.2d 617 (1954).
 
 
 12
 Contracts for disability insurance may be unique in that they are subject to a statutorily mandated incontestability requirement, but this fact does not alter the operation of either Civil Code § 1691 or Insurance Code § 650 before the incontestability period has commenced. Harrison stipulated that he made material misrepresentations that justified rescission of the contract. He further stipulated that Connecticut's letter rescinding the policy was sent before the policy became incontestible. On such facts, me must affirm the district court's grant of summary judgment to Connecticut.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The Honorable Wilfred Feinberg, Senior Circuit Judge of the U.S. Court of Appeals for the Second Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Section 650 provides:
 Whenever a right to rescind a contract of insurance is given to the insurer by any provision of this part such right may be exercised at any time previous to the commencement of an action on the contract.
 Cal.Ins.Code. § 650.