**MASSACHUSETTS CASUALTY INSURANCE COMPANY, a corporation, Plaintiff,**

v.

**James M. ROSSEN, D.M.D., an individual, Defendant.**

**No. CV 96–5309 DT (JGx).**

United States District Court, C.D. California.

Nov. 4, 1996.

---

David A. Lingenbrink, Galton & Helm, Los Angeles, CA, for plaintiff.

Thomas D. Long, Scott N. Yamaguchi, Nossaman, Guthner, Knox & Elliott, Los Angeles, CA, for defendant.

## ORDER DENYING DEFENDANT JAMES M. ROSSEN, D.M.D.'S MOTION TO DISMISS ACTION.

TEVRIZIAN, District Judge.

### *Background*

**1. *Factual Summary.***

This action involves a declaratory relief action brought by plaintiff Massachusetts Casualty Insurance Company ("Mass Casualty") against defendant James M. Rossen, D.M.D. ("Dr. Rossen"), one of its insureds, for a declaration that Dr. Rossen has not been disabled since October 1, 1995, and that certain payments made under a reservation of rights commencing in October 1, 1995 were overpayments which Dr. Rossen must repay to Mass Casualty.

On June 8, 1977, Mass Casualty issued to Dr. Rossen an insurance policy for disability income insurance and bearing policy number 0190901 ("Policy"). *See* Complaint, ¶ 5; Policy attached to the Complaint as Exhibit "A". The initial monthly benefit on the Policy was $3,200.00 in the event Dr. Rossen becomes totally disabled as that term is defined in the Policy. *Id.* The Policy also contains a 10% increase in monthly disability benefit on an annual basis prior to the commencement of a loss for which a claim is presented. *Id.* The Policy also provides for monthly payments in the event that Dr. Rossen suffers some disability, but is not totally disabled. *Id.*

On February 8, 1982, Mass Casualty issued a second insurance policy to Dr. Rossen for disability income insurance with a monthly benefit of $760.00 if Dr. Rossen becomes totally disabled as that term is defined in that policy. *Id.* at ¶ 6; 2d Policy attached to the Complaint as Exhibit "B". This second policy bears policy number 0245118 ("2d Policy"). *Id.*

On April 1, 1990, Mass Casualty issued a third insurance policy to Dr. Rossen for disability income insurance which provided a monthly disability benefit of $2,100.00 if Dr. Rossen becomes totally disabled as that term is defined in that policy ("3d Policy"). *Id.* at ¶ 7; 3d Policy attached to the Complaint as Exhibit "C". The 3d Policy also contained a 10% increase in monthly disability benefit on an annual basis prior to the commencement of a loss for which a claim is presented. *Id.*

On January 1, 1991, Mass Casualty issued a fourth insurance policy to Dr. Rossen for disability income insurance which provided a monthly disability benefit of $1,000.00 if Dr. Rossen becomes totally disabled as that term is defined in that policy ("4th Policy"). *Id.* at ¶ 8; 4th Policy attached to the Complaint as Exhibit "D". The 4th Policy bears policy number 0462842. *Id.* The 4th Policy also contained a 10% increase in monthly disability benefit on an annual basis prior to the commencement of a loss for which a claim is presented. *Id.*

In August 1994, Dr. Rossen submitted a claim of disability to Mass Casualty based upon a condition known as cervical spondylosis with radiculitis which caused neck, back and arm pain. *Id.* at ¶ 9. Dr. Rossen claimed that he lost income as an endodontist due to his disability. *Id.*

Based upon Dr. Rossen's disability, Mass Casualty has paid $39,664.23 in benefits to Dr. Rossen since October 1, 1995 under a reservation of rights. *Id.* Based upon Mass Casualty's investigation, Mass Casualty contends that Dr. Rossen has not been disabled since October 1, 1995. *Id.* at ¶ 10.

### 2. Procedural History.

On July 31, 1996, Mass Casualty filed its Complaint For Declaratory Judgment and Restitution.

On September 30, 1996, Dr. Rossen filed his Motion To Dismiss which is presently before this Court.

### Discussion

### 1. Standard.

In considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume that the plaintiff's allegations are true, and must construe the complaint in a light most favorable to the plaintiff. *United States v. City of Redwood City,* 640 F.2d 963, 967 (9th Cir. 1981) Moreover, even if the face of the pleadings indicates that recovery is unlikely, the plaintiff is still entitled to offer evidence in support of the complaint. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974); *Redwood City,* 640 F.2d at 967. Finally, the court may not dismiss complaints pursuant to Rule 12(b)(6) "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957); *Russell v. Landrieu,* 621 F.2d 1037, 1039 (9th Cir. 1980). Where the parties must rely upon extrinsic evidence to resolve an issue originally brought on a motion to dismiss, this Court may convert the motion to a motion for summary judgment. Rule 12(b) of the Federal Rules of Civil Procedure.

### 2. Dismissal Of This Action On Jurisdictional Grounds Is Not Warranted.

■ Dr. Rossen seeks dismissal of this action on the grounds that Mass Casualty's claims do not meet the $50,000.00 minimum jurisdictional requirement in a diversity action. Mass Casualty contends that it meets the $50,000.00 minimal jurisdictional requirement because its payment of disability benefits to Dr. Rossen is not speculative and will total in excess of the minimum $50,000.00 jurisdictional amount in controversy requirement by the time of trial in this action.

28 U.S.C. § 1332 provides in pertinent part:

(a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $50,000, exclusive of interest and costs, and is between—

(1) citizens of different States....

The United States Supreme Court has held:

It is well settled that when an unconditional right to future payments exists, the court may consider such payments in computing the amount in controversy.

*Aetna Casualty & Surety Co. v. Flowers,* 330 U.S. 464, 467–468, 67 S.Ct. 798, 799–800, 91 L.Ed. 1024 (1947); *Lenox v. S.A. Healy Company,* 463 F.Supp. 51 (D.Md.1978).

This Court has diversity jurisdiction over this action. The parties do not dispute that they are citizens of different states. Dr. Rossen is a resident of the County of Los Angeles, State of California. Mass Casualty is a Massachusetts corporation with its principal place of business in Boston, Massachusetts.

The only dispute concerns whether the amount in controversy exceeds the $50,000.00 jurisdictional minimum requirement. Under 28 U.S.C. § 1332, to achieve jurisdiction in this Court under diversity of citizenship, the matter in controversy must exceed the sum or value of $50,000.00.

It is uncontroverted that to date Mass Casualty has paid $39,664.23 to Dr. Rossen. It is also undisputed that Mass Casualty is continuing to make payments to Dr. Rossen and will continue to make payments during the pendency of this action in the amount of $1,654.40 per month. To date, Mass Casualty only needs additional payments totaling $10,335.77 and at $1,654.40 per month will reach this amount by February 1997. This action was only recently filed and a Mandatory Status Conference has not even been scheduled to date. Thus, this Court finds that this action will not proceed to trial prior to February 1997. Therefore, this Court finds that Mass Casualty's claims meet the minimum required jurisdictional amount in controversy and this Court denies Dr. Rossen's Motion To Dismiss in this regard.

### 3. *Dismissal Of The First Count Is Not Warranted.*

Dr. Rossen seeks dismissal of the First Count for Declaratory Judgment Re Absence Of Disability because Mass Casualty seeks a declaration of Dr. Rossen's condition in the future. This Court disagrees.

In order to state a claim for declaratory relief there must be an actual controversy between the parties. 28 U.S.C. § 2201. Mass Casualty contends that Dr. Rossen has not been disabled and therefore was not entitled to payment of disability benefits since October 1, 1995. Dr. Rossen contends that he is disabled and was and still is entitled to payment of benefits. The Complaint seeks a declaration that:

ROSSEN is not currently disabled pursuant to the terms and conditions of the policies, and has not been so disabled since at least October 1, 1995....

Despite Dr. Rossen's allegations to the contrary, Mass Casualty does not seek a declaration as to any changes in Dr. Rossen's condition and any right to future disability benefits if his conditions changes at some later date. Therefore, this Court denies Dr. Rossen's Motion To Dismiss in this regard.

### 4. *Dismissal Of The Restitution Claim Is Not Warranted.*

Dr. Rossen also seeks dismissal of the Second Count for Declaratory Judgment Re Overpayment Of Benefits on the grounds that a claim for restitution is not proper. Rossen's contention is nonsensical.

On the Second Count, Mass Casualty seeks:

a judgment of restitution against ROSSEN in an amount commensurate with the amount of overpaid benefits paid to ROSSEN since October 1, 1995 plus interest at the legal rate....

Each payment made to Dr. Rossen by Mass Casualty beginning with the October 1, 1995 period was made with the following reservation of rights language:

This payment is not an admission of liability under the policy. The company reserves all rights and defenses under the policy, including the right to request the

return of all benefits paid to you and to which we may determine you were not entitled.

*See* Complaint, ¶¶ 9, 14; Exhibit "A" to the Declaration of Ronald Hamel.

■ ██ A reservation of rights is made by an insurer to protect that insurer's rights to later seek reimbursement for payments made under the reservation of rights if it is shown that the insured was not entitled to such payments. A reservation of rights protects an insurer from potential liability for bad faith if it were to withhold payments, and it also provides the insured with the use of the payments until the determination is made. Thus, the use of a reservation of rights protects both parties. Further, Dr. Rossen accepted the payments made by Mass Casualty under the reservation of rights and such acceptance evidences an implied agreement to the reservation of the insurer's rights to later seek reimbursement. *Walbrook Ins. Co. Ltd. v. Goshgarian & Goshgarian,* 726 F.Supp. 777, 784 (C.D.Cal. 1989). Dr. Rossen's position to the contrary would cause a complete abrogation of an insurer's ability to reserve its rights.[1] Dr. Rossen's cited case of *Reliance Insurance Company v. Alan* (1990) 222 Cal.App.3d 702, 272 Cal.Rptr. 65 supports Mass Casualty's position where the court held that the only theory of recovery for defense costs in a reservation of rights situation is where there is an agreement or understanding between the insurer and insured for the reimbursement of costs of defense. Here, such an agreement is evidenced by Dr. Rossen's acceptance of all payments tendered by Mass Casualty since October 1, 1995 with a reservation of rights in which Mass Casualty specifically notified Dr. Rossen of its intention to seek reimbursement for such payments if it was determined that he was not disabled. Any other ruling would allow Dr. Rossen to be unjustly enriched. Therefore, this Court finds that Mass Casualty is entitled to maintain a claim seeking restitution from Dr. Rossen for sums paid under the reservation

of rights as set forth above and this Court denies Dr. Rossen's Motion To Dismiss in this regard.

IT IS SO ORDERED.

---

**1.** The cases cited by Rossen are inapposite. *Travelers Ins. Co. v. Lesher* (1987) 187 Cal.App.3d 169, 203–204, 231 Cal.Rptr. 791 (denial of reimbursement of attorney's fees and costs on a defense provided with a reservation of rights where the Court found that Travelers failed to mention its intention to require reimbursement from the insured on sums paid if it prevailed on the coverage issue).