**EQUITABLE LIFE ASSURANCE SOCIETY OF the UNITED STATES, Plaintiff–Appellee,**

v.

**S. Andrew SCHWARTZ, M.D., Defendant–Appellant.**

**Equitable Life Assurance Society of the United States, Plaintiff–counter–defendant–Appellant,**

v.

**S. Andrew Schwartz, M.D., Defendant–counter–claimant–Appellee.**

---

* The Honorable Kent J. Dawson, United States District Judge for the District of Nevada, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Equitable Life Assurance Society of the United States, Plaintiff–counter–defendant–Appellee,

v.

S. Andrew Schwartz, M.D., Defendant–counter–claimant–Appellant.

Nos. 05–56309, 05–56378, 06–56045.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 10, 2008.

Filed Aug. 14, 2008.

Lauren G. Linde, Sylvester Oppenheim & Linde, Encino, CA, for Plaintiff-Appellee.

Robert Kennedy Scott, Law Offices of Robert K. Scott, Irvine, CA, Daniel U. Smith, Law Offices of Daniel U. Smith, Kentfield, CA, for Defendant-Appellant.

Before: CANBY, KLEINFELD, and BYBEE, Circuit Judges.

## MEMORANDUM *

Dr. Schwartz challenges the district court's factual findings that: (1) surgery as not a substantial and material duty of his regular occupation at the time of his disability in 1993; (2) he is currently capable of performing knee arthroscopies at the rate of 1–2 per week; and (3) he was not under the regular care and attendance of a doctor during the time when he was receiving benefits. These factual findings are not clearly erroneous because "the district court's findings are plausible in light of the record viewed in its entirety." *Husain v. Olympic Airways,* 316 F.3d 829, 835 (9th Cir.2002).

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Dr. Schwartz's objection that the hospital records lack foundation was not properly preserved, *see* Fed.R.Evid. 103(a)(1); *City of Phoenix v. Com/Sys., Inc.,* 706 F.2d 1033, 1038 (9th Cir.1983), and in any event omitting the records would not make the district court's finding regarding Dr. Schwartz's surgical practice in 1993 less plausible in light of the remainder of the evidence, *see Husain,* 316 F.3d at 835.

■ The district court did not err in crediting Dr. Shanfield's testimony, which was neither internally contradictory, nor reliant on evidence inconsistent with other evidence in the record. *See United States v. Brandon P.,* 387 F.3d 969, 977 (9th Cir.2004). Indeed, Dr. Shanfield's opinion, accepted by the district court, that Dr. Schwartz is now capable of performing knee arthroscopies at the rate he was performing them in 1993, was corroborated by powerful video evidence. The entirety of the evidence also supports the plausibility of the district court's finding that Dr. Schwartz was not under the regular care and attendance of a doctor during the time he was receiving benefits. *See Husain,* 316 F.3d at 835.

■ The district court found that Dr. Schwartz forfeited his affirmative defense of waiver by failing to plead it. *See* Fed. R.Civ.P. 8(c). We need not reach this question because the defense would have failed even if he had pleaded it. In support of his argument that The Equitable had to reserve its rights as a precondition to restitution, Dr. Schwartz cites only cases that impose such a requirement on an insurer seeking to assert noncoverage after defending the insured in an action against a third party. *See Blue Ridge Ins. Co. v. Jacobsen,* 25 Cal.4th 489, 106 Cal. Rptr.2d 535, 22 P.3d 313, 320 (2001); *Buss v. Superior Court,* 16 Cal.4th 35, 65 Cal. Rptr.2d 366, 939 P.2d 766, 779 (1997). He cites no cases requiring a reservation of

rights letter for first party insurance. The reservation of rights requirement is important in the third party defense context because it puts the insured on notice that he has to protect his interests where they differ from the insurance company's interests. The insurer's control of his defense against the third party claim may run counter to how the insured would manage defense and settlement if he knew that the insurer might not pay the judgment or settlement. In the first party context, there is no claim against the insured by a third party, so there is no duty to defend and power to control the defense to which a reservation of rights letter pertains. Though insurers sometimes send them anyway in first party cases, this function is merely to protect the insurer against bad faith claims, *see Massachusetts Cas. Ins. Co. v. Rossen,* 953 F.Supp. 311, 315 (C.D.Cal.1996), not to protect the insured against defense and settlement interests contrary to the insured's interests, as in third party claims.

The insurance contract bars actions to recover on the policy brought after three years from each monthly proof of loss. This contractual time bar is required in its exact words by statute. *See* Cal. Ins. Code § 10350.11; *Wetzel v. Lou Ehlers Cadillac,* 222 F.3d 643, 648 (9th Cir.2000). California has long treated an analogous time limitation on the insured as reciprocal, to prevent unfair lulling of the insured. *See Fed. Life Ins. Co. v. Cary,* 20 Cal. App.2d 257, 67 P.2d 129, 130 (1937). We therefore affirm the district court's limitation of The Equitable's restitution claim to December 13, 1999, and thereafter.

The Equitable concedes that prejudgment interest was erroneously calculated at 10% instead of 7% on the pre–1986 contracts. *See* Cal. Const. art. XV, § 1.

We AFFIRM in all respects on the appeal and cross-appeal, except that we RE-

MAND for recalculation of prejudgment interest. Costs in favor of The Equitable.

